(January 17, 1907.)

## JONATHAN CAMPBELL, Appellant, v. FIRST NATIONAL BANK OF REXBURG et al., Respondents.

[88 Pac. 639.]

REPLEVIN—OWNERSHIP AND RIGHT OF POSSESSION—MOTION TO DISMISS
—APPEAL FROM ORDER TAXING COSTS—BILL OF EXCEPTIONS—VERDICT
OF JURY—JUDGMENT ON—COSTS.

1. Under the provisions of subdivision 3 of section 4807, Revised Statutes, an appeal from a special order made after final judgment must be taken within sixty days after the entry of the judgment.

2. Where an appeal from an order taxing costs was not taken within sixty days after the entry of the order, such appeal will be dismissed on motion.

3. Where a transcript contains a bill of exceptions which brings up the action of the court in taxing costs, and an appeal from an order taxing costs is dismissed, the bill of exceptions will be stricken from the transcript on motion.

4. In an action in replevin for a band of sheep, where the sheep are taken from the defendants and placed in the possession of the plaintiff, and he retains possession thereof, and the action is tried

upon the question as to how many of such sheep the defendants were entitled to the possession of, or, in case a recovery cannot be had, the value of said sheep, and the damages sustained by the defendants by reason of the plaintiff having taken possession of them, and the jury found that the defendants were entitled to one hundred and eighty-three head of said sheep, and that the value thereof was $551, and that the defendants had sustained damages in the sum of $62.01 by reason of the plaintiff so taking them, a judgment being entered on such verdict to the effect that the defendants have and recover from the plaintiff one hundred and eighty-three head of sheep, or, in case recovery cannot be had, $551, the value of said sheep, and for the further sum of $62.01 as damages, the verdict is sufficient to sustain the judgment.

5. Under the provisions of section 4453, Revised Statutes, in an action in claim and delivery, where the property has been delivered to the plaintiff and the defendants claim a return thereof, judgment for the defendant may be for the return of the property, or the value thereof in case a return cannot be had, and for damages for taking and withholding the same.

6. Under the facts of this case it would have been proper to have determined the number of sheep which the plaintiff was entitled to the possession of, but as the sheep were already in the possession of the plaintiff, and by cross-complaint of the defendants they had alleged that they were entitled to the possession of said sheep, and the case is tried upon the question as to how many of such sheep the defendants were entitled to have returned to them, a judgment having been rendered accordingly without seasonable objection on the part of the plaintiff as to the form of the verdict and the judgment, they will be sustained.

7. Under all the facts of this case the defendants are entitled to recover their costs.

(Syllabus by the court.)

APPEAL from the District Court of Sixth Judicial District for Fremont County. Hon. J. M. Stevens, Judge.

Action in claim and delivery; cross-complaint by defendants. Judgment for defendants. *Affirmed.*

J. D. Millsaps, for Appellant.

The true test in determining whether or not the respondents "obtained a more favorable judgment" than was offered in the compromise is made by comparing the offer with the judgment, and if the "specific property" offered to be re-

turned and the "specific property" ordered by the judgment
returned is the same in specie and in number, then the offer
was complete in law; for the return of the property is the
paramount issue of the action; the alternate judgment, for
the value and damages, being only incidental.

The judgment rendered by the lower court in this case
says nothing about the "value of said property" being in
any sum, but simply reads that the defendants have judg-
ment for the return of said one hundred and eighty-three
head of sheep, "or in lieu thereof for the sum of $551, and
damages for withholding the same in the sum of $62.01."
The money part of said judgment cannot be sustained upon
any principle of law known to legal jurisprudence.

The plaintiff would, as a matter of law, be the prevailing
party, to the extent of having recovered the ownership and
right of possession of the fifteen hundred and twenty-five
head of sheep in dispute, not found for the defendants, and
being the "prevailing party," would be entitled to recover
his costs, though he did not recover all the property sued for.
(Idaho Rev. Stats., sec. 4901; *Saunders v. Frost*, 5 Pick. 259.
16 Am. Dec. 402, 405, note; *Havens v. Dale*, 30 Cal. 547;
*Lawton v. Gordon*, 37 Cal. 207; *Williams v. Morrison*, 32
Fed. 682-684.)

The property having been delivered to the plaintiff at the
commencement of the action, he was entitled to the judgment
as "moved for" in his motion for judgment, confirming his
right of possession—that is, that he recover of the defendants
the possession thereof and damages, together with his costs.
(Idaho Rev. Stats. 1887, sec. 4453; *Claudius v. Aguirre*, 89
Cal. 501, 26 Pac. 1077; *Caruthers v. Hensley*, 90 Cal. 559,
27 Pac. 411.)

F. S. Dietrich, O. P. Soule and Caleb Jones, for Re-
spondents.

There was no need of a verdict or a judgment requiring
the return of any of the sheep to the plaintiff. Such a ver-
dict or judgment would be idle and useless. The plaintiff

already had possession of all of the sheep. If the defendants were to secure any relief, it must be affirmative relief. The jury, therefore, awarded a return to the defendants of the sheep which they were entitled to, and which were in the possession of the plaintiff. These were properly described and the number given. The jury say: "Or in lieu thereof $551." It is very clear that while they did not use the word 'value,' the $551 was intended by them as the value of the sheep. In addition to that they award damages for wrongful detention.

It is a general rule that a verdict will be sustained, even though it is not perfect, if the intention of the jury is clear, and certainly there can be no doubt as to what the jury intended in this case. (Cobbey on Replevin, sec. 1052 et seq.; *Blackfoot Stock Co. v. Delamue*, 3 Idaho, 291, 29 Pac. 97; *Johnson v. Fraser*, 2 Idaho, 408, 409, 18 Pac. 48.) But not only is the verdict sufficient, but appellant did not make any appropriate objection thereto at the proper time. For the reason that exception was not taken at the time the verdict was rendered and was not of a sufficiently definite character, appellant should not now be heard to criticise the verdict.

If we construe the offer as describing the identical sheep described in the verdict, still the verdict awards us a value of $551 as against an offer of $460—a difference of $91.00 in our favor. Besides this, we recovered $62.01 as damages, making a total of $153.01.

The amount recovered was materially in excess of the offer. The slightest excess, however, would be sufficiently to carry costs. (*Swails v. Cissna*, 61 Iowa, 693, 17 N. W. 39.)

SULLIVAN, J.—This is an action in replevin. The plaintiff claims ownership and right of possession to seventeen hundred and eight head of stock sheep, and presented his affidavit and undertaking in said matter, and the sheriff seized the sheep and delivered them to him, and he has ever since kept possession thereof. The defendants denied plaintiff's ownership and right of possession, and set up title to said sheep in one M. M. Barber, from whom they claim to

have taken certain mortgages on the same, and possession was delivered to defendants by said Barber, the facts in regard to which are fully set forth in the amended answer and cross-complaint. The plaintiff answered this cross-complaint, denying the allegations therein, and averring that said Barber's possession was that of a bailee only to plaintiff. The action was commenced on February 16, 1905, and on November 20, 1905, and before the trial of the case, the plaintiff in writing offered to allow judgment to be taken against him for the return of one hundred and eighty-two lambs and one ram, being a part of the property in dispute, which lambs and ram were admitted by plaintiff to be the property of said Barber and included in the mortgages mentioned in defendants' cross-complaint, and in said offer it is stated that "in case a return of said property cannot be had, the said plaintiff hereby offers to allow judgment to be taken against him herein for the sum of $460, the value of said property, together with legal interest thereon from the seventeenth day of February, 1905, and defendants' costs expended herein to date." The cause was tried by the court with a jury, and the following verdict was returned: "We, the jury, sworn to try the above-entitled cause, find as follows: We find that the defendants, above named, are entitled to a return to them of the possession of the following sheep described in the amended complaint, and of present ages and as follows: One hundred and eighty-two (182) one year old stock sheep and one ram, or in lieu thereof ($551) five hundred and fifty-one dollars. All of said sheep bearing wool brand, thus: ———, and being in the possession of the plaintiff. And we further find the value of each class of said sheep, per head, to be as follows: . . . . And we further find that by reason of the plaintiff's acts in taking the sheep from the possession of the defendants, in this action, and detaining said sheep, including the taking and appropriating to the plaintiff's own use, of M. M. Barber's interest in the lambs and wool thereof covered by the defendants' mortgages, the defendants have been damaged in the sum of sixty-two and 1-100 dollars." Judgment was

entered thereon in favor of the defendants for one hundred and eighty-two one year old stock sheep and one ram or "in lieu thereof ($551) five hundred and fifty-one dollars," and for $62.01 damages and costs and disbursements amounting to the sum of $106.50. Thereafter a motion was made by the appellant to tax the costs. Said motion was heard and determined by the trial court. This appeal was taken from the judgment and from the order made after judgment taxing the costs. Counsel for respondent moved to dismiss the appeal from said order on the ground that it was not taken in time. The judgment was entered December 6, 1905, and the appeal was perfected June 19, 1906. Under the provisions of subdivision 3 of section 4807, Revised Statutes, an appeal from a special order made after final judgment must be taken within sixty days after the judgment is made and entered on the minutes of the court and filed with the clerk. As the appeal from said order taxing costs was not taken until more than six months after said order was made and entered, it must be dismissed on the ground that it was not taken within the time provided by law.

The transcript contains a bill of exceptions prepared on the question of taxing the costs; in fact, it is a record presenting to this court the question of taxing the costs. The appeal from the said order taxing the costs having not been taken in time and that appeal dismissed, counsel for respondent now moves to strike out said bill of exceptions, which motion is sustained as it has no place in the transcript after the dismissal of the appeal from the order taxing the costs. This leaves the appeal from the judgment to be disposed of.

It appears from the record in this case that one M. M. Barber had in his possession the sheep referred to in the complaint, and while so in his possession he gave the defendants a mortgage on them to secure the payment of borrowed money, and for better security gave the defendants possession of such sheep, and they were in the possession of the defendants at the time this action was brought. As above stated, the sheep were taken from the possession of the defendants and placed in the possession of the plaintiff. They

so remained in plaintiff's possession up to the time of the trial. A few days before the trial, which was about six months after the sheep were so taken by the plaintiff from the possession of the defendants, the plaintiff admitted in writing that he had no title or claim upon "182 lambs" and one ram which he had taken from defendants, and offered to permit judgment to be taken against him for the possession of said one hundred and eighty-two lambs and one ram, and in case a return could not be had, judgment or the value of such sheep, $460, which offer was not accepted by the defendants. The plaintiff testified upon the trial that one hundred and eighty-two sheep and one ram belonged to the said Barber. From the whole record it appears that after that offer the case was tried upon the theory of determining how many of said sheep the defendants were entitled to the possession of, and not as to how many of them plaintiff was entitled to possession of, and the verdict of the jury was along that line. All of the said seventeen hundred and eight sheep were in the possession of the plaintiff, but the jury found directly that one hundred and eighty-three of them belonged to Barber, and that defendants were entitled to the possession thereof, or to their value, and damage for their detention. It nowhere appears that counsel for plaintiff insisted on the determination of the fact of how many sheep he was entitled to possession of, as he already had possession of all of them. The court evidently, in its instructions to the jury, adopted the theory of the plaintiff, and gave the instruction asked for by the plaintiff upon the point under consideration, namely: "The court further charges the jury, as a matter of law, that if you find from the evidence that the defendants are entitled to a return of any of the sheep mentioned in the complaint herein, that you must state the number in your verdict, and find the value thereof, on February 27, 1905." The jury thereupon found that the defendants were entitled to a return of one hundred and eighty-three head of sheep, and that their value was $551, and that the damages sustained amounted to $62.01.

It is contended by counsel for the appellant that the jury did not determine the right to the possession of the fifteen hundred and twenty-five sheep which the plaintiff had still remaining in his possession after deducting the one hundred and eighty-three head. As plaintiff was in possession of said sheep, it was not absolutely necessary for the jury to find that he was entitled to possession of them, although it would have been proper for them to have done so. They found that defendants were entitled to the possession of one hundred and eighty-three head of said sheep, and inferentially that the plaintiff was entitled to the remaining fifteen hundred and twenty-five. The general rule is that the verdict may be sustained, even though it is imperfect, if its intention is clear, and certainly the transcript leaves no doubt as to what the jury intended as a verdict in this case. (Cobbey on Replevin, sec. 1052 et seq.; *Blackfoot Stock Co. v. Delamue*, 3 Idaho, 291, 29 Pac. 97; *Johnson v. Fraser*, 2 Idaho, 408; 18 Pac. 48.) The verdict is sufficient and the appellant did not make any proper objections to the verdict upon this point. (See *Johnson v. Fraser, supra*.) Section 4453, Revised Statutes, provides what kind of a judgment may be entered in an action of this character; this section is as follows: "In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession or the value thereof in case a delivery cannot be had, and damages for the detention. If the property has been delivered to the plaintiff and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof, in case a return cannot be had, and damages for taking and withholding the same." Said section provides what kind of a judgment may be entered in case a delivery of the property cannot be had, and if the property has been delivered, as in the case at bar, and the defendant claims a return thereof, as the defendants do in this case, judgment may be for the defendant for the return of the property or the value thereof in case a return cannot be had, and damages for withholding the same. The property having been placed in the possession

of the plaintiff and the defendants claimed a return thereof, it was proper for the jury to determine what number of said sheep should be returned to the defendants, or the value in case a return could not be had; also for damages for taking and withholding the same. It would seem, where the property has been delivered to the plaintiff and the plaintiff has possession thereof, nothing would be accomplished by rendering judgment against the defendant requiring him to return to the plaintiff the property which he has not but which the plaintiff has, or to pay the plaintiff the value thereof. The value of the thing claimed is only to be paid when delivery cannot be made.

Under the facts of the case at bar it would have been proper for the jury to have determined the number of sheep to the possession of which the plaintiff was entitled; also the number to which the defendants were entitled, their value and the damages sustained by them by reason of the taking of said sheep by plaintiff, but it was not absolutely necessary for the jury to find the number of sheep the plaintiff was entitled to receive possession of, after they had found the exact number of said sheep to which the defendants were entitled. The right to the possession of said seventeen hundred and eight sheep was in issue, each party claiming all of them and the plaintiff being in possession. The jury by finding that the defendants were entitled to one hundred and eighty-three head of them, inferentially at least, found that the plaintiff was entitled to the remainder.

Counsel for appellant insists that as plaintiff retained possession of the greater number of sheep, the costs should be divided, as the defendants had only recovered about what they had offered to let them take judgment for. Plaintiff offered to permit judgment in favor of the defendants; he offered to let defendants take judgment against him for costs accruing to November 20, 1905, the date of said offer, and offered to let them take judgment for one hundred and eighty-two lambs and one ram or for $460, the value of said lambs and ram; "together with legal interest thereon from the seventeenth day of February, 1905, and defendants' costs

expended herein to date.'' The judgment recovered was more favorable to defendants than that offered by the plaintiff. As I view it, the taxing of the costs in such a case as the one at bar, where both parties have gained a part of their contention, is largely in the discretion of the court, and as the trial court has passed upon the question of costs, this court will not disturb the order taxing costs.

We have examined carefully all the matters set forth in this appeal, and as we find no sufficient error in the record to warrant a reversal of the judgment, the judgment of the trial court is therefore affirmed.

Stewart, J., sat at the hearing but took no part in the decision.

AILSHIE, C. J., Concurring.—I agree with my associate in affirmance of the judgment in this case, and base my concurrence upon the peculiar state of facts disclosed by the record herein. Were it not for the action and conduct of the plaintiff in this case to the extent that I deem he waived his right to insist upon an affirmative judgment in his favor, I should hold that it was error not to require a verdict determining the right of possession of all the animals in question. It was the plaintiff's action. He was forced to the necessity of commencing an action to determine his right of possession of these animals. The fact that after he commenced his action he placed claim and delivery papers in the hands of the sheriff and obtained the possession of the property, did not adjudicate his right to the possession, and he was entitled, if he claimed it, to have a verdict and decree determining the right of possession to all the animals mentioned and described in his complaint. In this case, however, as said by my associate, the plaintiff and defendants seem to have proceeded from the very first of the trial upon the theory that plaintiff had all the animals, and that the only matter to be determined was how many of them the defendant was entitled to have returned. Having proceeded upon the trial on this theory and made no objection at any

time until the case is brought here on appeal, and not having requested the court to require a verdict covering all the animals in controversy, the plaintiff cannot be heard to complain for the first time in this court of the failure to require a verdict and enter a judgment covering the fifteen hundred and twenty-five head still retained in his possession.

For the reasons above assigned by me, I think the judgment as to costs must likewise be affirmed. The plaintiff served upon the defendants a written offer to allow the defendants to take judgment against him for the possession of a certain number of animals and for all costs accrued up to that time. He proceeded thenceforth upon the theory that if the defendants obtained any judgment, they would be entitled to recover all their costs. Having taken that view in the lower court, and having submitted his offer on the theory that defendants would be entitled to recover their costs, he cannot be heard to complain for the first time in this court on account of the trial court rendering judgment against him for costs after a verdict was rendered in favor of the defendants. Were it not for this state of facts, I should hold that under section 4901, Revised Statutes, the plaintiff would have been entitled to his costs. I therefore concur in the conclusion reached by Mr. Justice Sullivan.