(February 6, 1917.)

# W. C. THOMPSON, Appellant, v. JOHN V. HARRIS and ANNA B. HARRIS, Husband and Wife, Respondents.

[163 Pac. 611.]

APPEAL — TIME FOR TAKING — STATUTORY PROVISIONS — STRICT COMPLIANCE.

1. Where a judgment was entered on the 3d day of December, 1913, and no appeal was taken therefrom within sixty days from the entry thereof, under the provisions of subd. 1, sec. 4807, Rev. Codes, as amended by the Sess. Laws 1911, p. 367, which was the law in force at the date of the rendition and entry of said judgment, an appeal taken from said judgment on December 1, 1914, is too late to have said judgment reviewed on appeal, this court being without jurisdiction.

2. Subd. 2, sec. 4807, Rev. Codes, as amended, *supra*, provides an appeal may be taken to the supreme court from a district court, from an order granting or refusing a new trial, within thirty days after the order is made and entered on the minutes of the court or filed with the clerk. Where an order denying a new trial was made on the 16th day of December, 1913, and no appeal was taken therefrom within thirty days from the entry thereof, the same is subject to dismissal.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. J. M. Stevens, Judge.

Action to foreclose mechanic's lien. Judgment for defendants and plaintiff appeals. *Dismissed.*

Wm. A. Beakley, for Appellant, cites no authorities.

C. S. Beebe, for Respondents.

Record on appeal must affirmatively show that appellant has complied with the law relative to appeals to give the court jurisdiction. (*Anderson v. Knott*, 1 Ida. 626.)

Where record on appeal fails to show a compliance with the statute or rules of court, appeal will be dismissed. (*Pence*

*v. Lemp,* 4 Ida. 526, 43 Pac. 75; *Penny v. Nez Perce Co.,* 4 Ida. 642, 43 Pac. 570.)

BUDGE, C. J.—This is an appeal from a judgment, and from an order denying a motion for a new trial. The judgment was rendered and entered on the 3d day of December, 1913, and the motion for a new trial was denied on the 1st day of December, 1914. The notice of appeal and undertaking on appeal were both filed on the 1st day of December, 1914, the notice being served on counsel for appellant some time in December, 1914, the exact date of service not appearing thereon.

Sec. 4807, Rev. Codes, as amended by Sess. Laws 1911, p. 367, which was the law in force at the date of the rendition of the judgment in this case and the making of the order denying appellant's motion for a new trial, fixes the time within which an appeal may be taken from a final judgment in an action commenced in the court in which the same was rendered at sixty days after the entry of such judgment; and from an order granting or refusing a new trial, within thirty days after the order is made and entered on the minutes of the court or filed with the clerk.

Practically one year elapsed after the entry of the judgment before the notice or undertaking on appeal was filed with the clerk of the district court, which under the statutory provisions above cited was too late to have the judgment reviewed. (2 R. C. L. 104, and cases cited; 3 C. J. 1040, and cases cited; *Campbell v. First National Bank,* 13 Ida. 95, 88 Pac. 639; *Oliver v. Kootenai County,* 13 Ida. 281, 90 Pac. 107; *Arthur v. Mounce,* 4 Ida. 487, 42 Pac. 509; *McElroy v. Whitney,* 24 Ida. 210, 133 Pac. 118.)

The notice of intention to move for new trial was served and filed on November 26, 1913, which was eight days prior to the filing of the judgment and decision of the trial court. Both appeals must, therefore, be dismissed, from the judgment because not taken in time, and from the order denying the motion for new trial because the notice of intention to move

for new trial was made and served before the judgment and decision of the trial court was entered.

The brief of counsel for respondent in this case is marred by certain statements derogatory to counsel for appellant which are wholly uncalled for, and in no way connected with anything in the record which has been brought to our attention. This court cannot countenance tactics of this sort in the presentation of cases, and it is ordered accordingly that respondents' brief be stricken from the files and that no costs be allowed for printing it. Aside from this, costs are awarded to respondents.

Morgan and Rice, JJ., concur.