## BECK v. LEE.

No. 3162.   Decided April 10, 1918.   (172 Pac. 686.)

1. APPEAL AND ERROR—REVERSAL—REVIEW—BILL OF EXCEPTIONS—
NECESSITY OF EXCEPTIONS BELOW. Where no exceptions were
taken below to the court's rulings, they cannot be reviewed. (Page
34.)

2. REPLEVIN—COUNTERCLAIMS. Ordinarily, counterclaims, or counter
demands, cannot be litigated in replevin. (Page 34.)

3. APPEAL AND ERROR—HARMLESS ERROR—DISMISSAL. Where de-
fendant in replevin waived his counterclaim and tendered into
court the amount claimed by plaintiff, which plaintiff accepted, the
court's action in dismissing the case at the time, while perhaps
somewhat unusual and irregular, was not prejudicial error; there
being nothing further to litigate. (Page 34.)

4. CLERKS OF COURTS—FEES—FILING PAPERS AFTER JUDGMENT—NEW
TRIAL. The provision in Comp. Laws 1907, section 972, that clerks
of the district court may charge twenty-five cents for the filing of
any papers not otherwise provided for, does not apply to the filing
of affidavits supporting a motion for new trial, since the same sec-
tion provides specifically for a fee of $2.50 from the moving party.
(Page 35.)

Appeal from District Court of Box Elder County, First Dis-
trict; *Hon. J. D. Call*, Judge.

Action by John A. Beck, Jr., against J. A. Lee.

Judgment dismissing the action, both on the complaint and
on defendant's affirmative defenses. Defendant appeals.

AFFIRMED.

*Ricey H. Jones* for appellant.

*Henry Seegar* and *John A. Beck, Jr.*, for respondent.

FRICK, C. J.

This is an action in replevin, or in claim and delivery, as
it is called, under our statute. The action was brought to
obtain the possession of a certain automobile. The complaint

is in the usual form in such actions. The defendant, in his answer to the complaint, denied plaintiff's ownership and right of possession of the automobile. He also set up two affirmative defenses: (1) Tender, and (2) set-off, as hereinafter more fully explained.

It appears that in June, 1916, the defendant purchased an automobile from the Turner-Dresbach Company, hereinafter called company, doing business at Brigham City, Utah. The defendant paid part of the purchase price of the automobile in cash, and for the remainder executed and delivered to said company his promissory note, payable September 15, 1916, by the terms of which the title to said automobile was retained in said company with the right to repossess itself thereof in case defendant failed to pay said note at maturity. On September 14, 1916, the company transferred the note to the plaintiff herein. Plaintiff alleged, and produced evidence in support of his allegation, that after said note became due he demanded payment of said note, and, payment being refused, he demanded possession of said automobile, and upon refusal brought this action to recover the same. The defendant in his answer averred "that about September 14th this defendant tendered to the plaintiff and to said Turner-Dresbach Company" the amount due on said note, with accrued interest. The defendant further averred that said company had failed to "repair or make good a poor, faulty, and defective top," which had been furnished with the automobile at the time of its purchase. He averred that said company had agreed to replace said top, and had failed to do so, by reason of which he was damaged in the sum of $75, which he claimed as a "set-off against said" note. After producing sufficient evidence to make a prima facie case the plaintiff rested. The defendant testified in his own behalf. He stated that he always had been able, ready, and willing to pay the balance due on said note; that on a certain day in September, 1916, after said note was due however, he had tendered to the agent of the plaintiff who had demanded payment of said note the amount due thereon, with accrued interest, and that he was still able and willing to pay said amount. The amount due on said note with interest was produced in open court. When

the defendant was testifying as aforesaid and the money had been produced in court the following proceedings took place, as appears from the bill of exceptions, which is certified to by the lower court, and which purports to contain all the proceedings:

"The Court: What is between you gentlemen? I don't understand the purpose of this suit.   One is ready to pay and the other wants to pay."

The bill of exceptions then reads:

'The defendant, by counsel, offers to make the tender in open court and the plaintiff accepts."

After some discussion by counsel:

"The Court (addressing defendant's counsel): What is the matter with you making your tender good?

"Mr. Jones: In this case we want to make the tender on the note part of the case, but not on the replevin. We claim there is a note part, and there is a title retaining part of the contract on the note part.

"The Court: You have placed in court how much?

"Clerk: Three hundred and forty-three dollars.

"The Court (addressing plaintiff): Do you want it?

"The Plaintiff: We take it.

"The Court: The case is dismissed.

"Mr. Jones: At whose costs?

"The Court: That is a question for you gentlemen to bring up later."

The note was surrendered by plaintiff to the defendant, and the plaintiff took the money tendered, and the case was accordingly dismissed.   Afterwards the court settled the questions or costs and taxed them against the defendant.   The record does not clearly disclose why this was done, but we assume it was upon the theory that the tender alleged to have been made in September was by the court held to have been insufficient, but further held that it was a good tender in court.

By reference to the bill of exceptions we find that no exceptions were taken by either party to the rulings of the court as we have set them forth above.   After the case was dismissed the defendant filed his motion for a new trial, and supported

the same with numerous affidavits, all of which are made a part of the bill of exceptions. The court denied the motion, and the defendant appeals, assigning the foregoing rulings of the court as error. In view that no exceptions were taken to the court's rulings, we cannot review them, and hence all we can pass on is whether the judgment should be sustained. Defendant's counsel, however, vigorously argues that his client was deprived of the $343 by the court's rulings. The contention is, however, clearly untenable.

Ordinarily, counterclaims, or counter demands, cannot be litigated in replevin actions. The action is one to determine the right of property or the right of possession, or both, and therefore "accounts cannot be adjusted or settled in a replevin action." Cobbey on Replevin (2 Ed.), sections 736, 791, 792; Wells on Replevin (2 Ed.), sections 630, 631, and 632. In certain instances set-offs may be allowed in replevin actions, but even those are only allowed to a limited extent. In this case, although the defendant did tender the money in court, yet he could have insisted upon reducing the claim to the extent of the damages he sustained by reason of the defective top. But assuming defendant could have reduced the claim by that amount, that, nevertheless, would not have been a defense to the action. The plaintiff still would have been entitled to the possession of the automobile, and that right would have continued until the entire claim was paid or discharged. The defendant, however, testified that at the time the alleged tender was made he had telephoned to one of the members of the company, and in view that such member had agreed to furnish a new top he was willing to pay the whole amount of the note. The court was therefore justified in assuming that the defendant in this case had waived his claim for the top, and in that event there was nothing further to litigate in the action. Indeed, that is precisely what the court held. While the court's action in dismissing the case at the time may have been somewhat unusual and irregular, yet, in view of the whole proceedings, as disclosed by the record before us, we cannot say that the court committed prejudicial error in dismissing the action, or in overruling the

motion for a new trial. Upon the merits of the case, therefore, the judgment must be affirmed.

The defendant, however, also complains because the court permitted the clerk of the district court to demand an item of $2.50 from defendant as fees for filing defendant's affidavits in support of the motion for a new trial. That charge, defendant's counsel contends, is illegal. In our judgment the defendant had paid all the fees that could be required of him by our statute by paying the clerk the $2.50 when he filed his motion for a new trial. Comp. Laws 1907, section 972, specifies the fees that the clerks of the district court may demand for their services from litigants. That section, so far as material here, reads:

"For all services after judgment, pending appeal to the Supreme Court (not including the making of copies), $2.50, to be paid by the party moving for a new trial or to set aside judgment."

That section also provides:

"For filing any papers in any cause after judgment, not otherwise provided for, twenty-five cents."

While the record is not specific, yet, as we read it, the clerk demanded twenty-five cents for filling each affidavit which was tendered in support of the motion for a new trial. There is no authority in the statute for such a charge. The language of the statute is explicit. The statute clearly provides that in case a party desires to move for a new trial after judgment all he is required to pay is $2.50, and in case papers are filed which are not specially provided for in the section the clerk may require a filing fee of twenty-five cents. The twenty-five cents may, however, only be demanded where it is not otherwise provided for. In case a motion for a new trial is filed, however, the fees are specially provided for by requiring the payment of $2.50 by the party moving for the new trial. The twenty-five cent fee for filing each affidavit can therefore not be exacted. The charge of $2.50 made by the clerk of the district court is therefore clearly an overcharge, and hence cannot be sustained. That, however, had nothing to do with plaintiff's case. It is a matter which arose

between the clerk and the defendant, and not between the plaintiff and the defendant. While the district court should have construed the statute and declared the law as we have herein declared it, yet the defendant has his remedy against the clerk to recover from him the amount of the overcharge, and he has no remedy against the plaintiff. In view that the clerk holds the money without legal right, he, on demand, no doubt, will refund it to the defendant. If he refuses to do so, the defendant has his remedy against him.

The judgment is affirmed, at defendant's costs.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ., concur.