## DENNIS DEASEY, APPELLANT, v. W. L. THURMAN, RESPONDENT.

ADMISSIONS OF ASSIGNOR—PURCHASER IN GOOD FAITH.—The admissions or statements of the assignor of chattels, in derogation of his title thereto, made prior to his transfer of the same, can not be introduced in evidence against the title of his assignee who purchased the same in good faith, without knowledge of such statements or admissions.

INSTRUCTIONS.—When the court instructs a jury upon what state of facts they must find a verdict for or against the party, the instructions should include all the facts in the controversy, material to the rights of the parties upon the claim of the plaintiff and the defense of the defendant.

APPEAL from the second judicial district, Ada county.

*Brumback & Cahalan*, for the appellant.

*Huston & Gray*, for the respondent.

BUCK, J., delivered the opinion.    MORGAN, C. J., and PRICKETT, J., concurred.

This action was commenced in the court below for the recovery of certain personal property, to wit, a pack train

consisting of thirty-seven animals and the necessary equipments. The pleadings were in the usual form in actions under the statute for the claim and delivery of personal property; the plaintiff claiming ownership and alleging wrongful detention by defendant, the defendant admitting possession and claiming ownership by purchase of Con. Haley & Company, a firm composed of Cornelius Haley and Timothy Deasy, and denying wrongful detention. The defendant also pleads specially an estoppel *in pais* against the plaintiff. The trial was with a jury and the verdict for the defendant. The plaintiff appeals from the judgment, and claims error by the court in the rejection of certain evidence, and in giving certain instructions to the jury objected to by plaintiff, and in refusing certain instructions asked for by the plaintiff.

The evidence tends to show that, in A. D. 1869, the plaintiff owned the property in question, and at that time made a conditional transfer thereof to. Con. Haley & Co. That pursuant to said transfer said company took possession of said property and exercised full control of the same continuously, and apparently as owner thereof, until the eighth day of July, A. D. 1877. That during all of said time the plaintiff was generally with said train, apparently as the employee of said Con. Healey & Co. That during said time the plaintiff publicly acknowledged the control and ownership of said property to be in said company; that he publicly made no claim to ownership in said property, and did no act indicating ownership in himself, except possibly certain equivocal and isolated acts which might indicate either ownership or servile employment on his part.

The evidence on the part of the defendant tends to show that on the eighth day of July, A. D. 1877, while said Con. Haley & Co. were in the possession and exercising full control and apparent ownership of said property, they sold it to the defendant with the full knowledge of the plaintiff, and that since said sale the defendant had retained possession thereof. The evidence tends to show also that during all the time of the possession of said property by said Con. Haley & Co., the defendant privately claimed the

ownership of said property, and that at the time of said transfer from Con. Haley & Co. to the defendant, said Timothy Deasey, in making said transfer, acted for said company and also as agent of plaintiff, and that at the time of said transfer the plaintiff knew of, and adopted as his own, the act of said Timothy Deasey in making said transfer.

During the trial the plaintiff offered in evidence the declarations of Con. Haley & Co. while in possession of said property, in derogation of their own title thereto, as against the defendant in this action. The defendants objected to this evidence, and the objection being sustained, the plaintiffs excepted to the ruling of the court, and claim that said ruling was error. The appellant now argues that said evidence was admissible: 1. As a part of the *res gestæ;* and 2. As the declarations of the party under whom defendant claims, while such party was in possession of the property.

To make such evidence admissible as a part of the *res gestæ*, the conversation or admissions must have been concurrent with the contract of transfer, or in some way connected with it, and must have come to the knowledge of the assignee. (1 Greenl. Ev., sec. 110; *Tevis* v. *Hicks*, 41 Cal. 126; 2 Bouv. L. Dic. 464.) It does not appear that the admissions or statements were made at the time of the transfer, or that they were in any way connected, even remotely, with that transaction, or that they ever came to the knowledge of the defendant, and it seems to have been admitted on the argument of the case that the declarations, desired to be introduced in evidence and rejected, were made at different times more than two years prior to the transfer of the property. Clearly they formed no part of the *res gestæ*. The second ground upon which the appellant claims that such declarations were admissible, namely, as declarations of the assignor while in possession of the property, was very ably and elaborately discussed by the respective attorneys and a large number of authorities cited.

We are able to find, however, no more accurate and lucid discussion of the doctrine relating to such admissions than by Professor Greenleaf (1 Greenl. Ev., sec. 190). From it

and the authorities cited on the argument, we are able to state the correct rule to be, that the admissions of the assignor of chattel property can only be received in evidence in disparagement of the title of the assignee when there is an identity of interest between the assignor and assignee, and that such identity exists in the transfer of chattels, only where the assignee has purchased the same with actual notice of the true state of the title of the assignor, or under such circumstances of suspicion as should lead him to make special inquiry into the title of the assignor. (*Paige* v. *Cogwin*, opinion of Senator Lot, 7 Hill, 379.)

There is clearly no such circumstance of suspicion in the case at bar, or such an identity of interest between an assignor of a chattel and his assignee without notice, as is contemplated in the authorities that sustain the admission of such evidence. To hold that an assignee of chattel property could be affected by the declarations of his assignor made before the transfer, and of which he had no knowledge, would be most disastrous to the commercial interests of the country.

Upon the submission of the cause to the jury the plaintiff requested the court to give the following instruction, to wit: "The defendant claims title in his answer from Con. Haley & Co. He must be confined to this source in acquiring title. He can not set up title derived from Con. Haley & Co., and prove title from the plaintiff in this action. If you find that the defendant did not purchase of Con. Haley & Co., you will find in favor of the plaintiff." This instruction was refused, and the ruling of the court thereon is claimed by the appellant to be error.

The instruction asked for is objectionable on several grounds. It is founded upon an assumption of fact not sustained by the evidence or the pleadings. The defendant does not claim to derive title from the plaintiff or from any other than Con. Haley & Co. The instruction was probably suggested by certain cross-interrogatories put to plaintiff by defendant, the answers to which tended to show that the plaintiff recognized Timothy Deasey as his agent as well as the agent of Con. Haley & Co., in selling the pack train to de-

fendant, and that the plaintiff with full knowledge approved the sale. While the effect of such evidence, if given, would undoubtedly show that the plaintiff had sold whatever interest he had in the property, and therefore defeat his recovery in this action, yet it could not therefore be alleged that the defendant claimed title from any other parties than as alleged in the answer.

The instruction is also objectionable for the reason that it instructs the jury to find a verdict for the plaintiff upon a failure of defendant to prove a purchase from Con. Haley & Co., thus transferring the burden of proving title from the plaintiff to the defendant. In this class of cases the plaintiff rests upon the strength of his own rather than on the weakness of the defendant's title.

It is further objectionable as including only a portion of the facts essential to a recovery by the plaintiff. "Where the court instructs a jury upon what state of facts they must find a verdict for a party, the instructions should include all the facts in the controversy material to the rights of the plaintiff or the defense of the defendant." (*Gallagher* v. *Williamson*, 23 Cal. 334.)

The court gave the following instruction for the defendants: "If the jury find from the evidence that Tim. Deasey, as the agent of the plaintiff, made a sale of the pack train in question to the defendant, then the plaintiff can not recover in this action, and the verdict must be for the defendant." To this instruction the plaintiff excepted, and now claims the same to be error.

The plaintiff's right to recover rests, as we have before said, to his title to the property, and if, through his agent or otherwise, he had sold the property, he could not recover. The instructions seem to be in strict conformity to the law regulating this class of cases.

The exceptions taken at the trial to certain other instructions were not strongly urged on the argument, nor expressly abandoned; but we find no error either in the rulings of the court or in the instructions to the jury, and the judgment is therefore affirmed.