(February 20, 1888.)

## JOHNSON v. FRASER ET AL.

[18 Pac. 48.]

PRACTICE—INSTRUCTION TO JURY.—When a court instructs a jury upon what state of facts they·must find a verdict for either party, the instructions should include all the facts in the controversy material to the rights of the parties.

SAME—INSTRUCTIONS PROPERLY REFUSED.—Instructions asked are properly refused when they are not based upon some evidence material to the controversy, although as abstract principles of law they are correct.

CLAIM AND DELIVERY—FINDINGS.—In an action of claim and delivery a general verdict, finding for or against either party is sufficient to enable the court to enter judgment thereon for the return of the property when such return is the appropriate remedy. In such actions, where several articles are sought to be recovered, if either party desires a finding of value of each article, they should request that such findings be made, or he cannot take advantage of their failure to do so.

JUDGMENT—CLAIM AND DELIVERY.—The judgment of the court in an action of claim and delivery, where verdict is given for defendant, should be in the alternative for the return of the property, or its value if a return cannot be had. Where such return is the appropriate remedy, the verdict need not be in the alternative.

FINDING AS TO RETURN OF PROPERTY.—In such cases if either party desire a finding for a return of the property, he should request such finding. If he fail to do so he cannot take advantage of such failure.

(Syllabus by the court.)

APPEAL from District Court, Custer County.

Charles A. Wood, for Appellant.

The verdict in claim and delivery should be in the alternative, either for the delivery of the property to the respondents, or, in case delivery could not be had, for the value thereof, with damages for its detention. (Code, sec. 387; *Norcross v. Nunan,* 61 Cal. 640; *Holmberg v. Hendy* (Cal.), 10 Pac. 394.)

J. T. Morgan, for Respondents.

The plaintiff, having sold the goods at public auction to different parties, will not be heard to complain that he is not given an opportunity to do that which he has put it out of his power to do. (*Flagg v. Tyler*, 6 Mass. 33.) If the verdict is sufficient in substance, the fact that it is defective in form will not invalidate it. (*Coit v. Waples*, 1 Minn. 134 (Gill. 110). If the court should be of opinion that the verdict covers all the issues, and that the judgment should be in the alternative, then this court should not order a new trial, but should correct the judgment. (*Berson v. Nunan*, 63 Cal. 552; *Matlock v. Straughn*, 21 Ind. 128; *Freeborn v. Norcross*, 49 Cal. 313.) When the property cannot be returned, the defendant is entitled to recover the value of the property, with interest, during the period of detention. (*Booth v. Ableman*, 20 Wis. 602; 2 Field's Lawyer's Briefs, sec. 512.)

BUCK, J.—This is an action of claim and delivery, brought by the administrator of the estate of Harry Melrose for certain personal property claimed as a part of said estate. The defendants allege as a defense that they were partners of the deceased at the time of his death; that the property was partnership property, in which each is a one-third owner, and, as surviving partners, they are entitled to the possession thereof as such owners, and for the purpose of settling the estate. The action was tried at the June term of the district court, 1887, Custer county, third judicial district, and comes into this court on a statement of the case on appeal from the order of the court overruling a motion for a new trial. The appellant specifies the refusal of the court to give the second, third, fourth, eighth, and ninth instructions to the jury, requested by plaintiff, and the giving of the first instruction asked by the defendants, as error of the court, and also error in the verdict, in that it is contrary to law, (1) because it is not in the alternative; and (2) because interest can only be allowed by way of damages.

The instructions asked by plaintiff, and refused by the court, are as follows: "No. 2. Unless the jury find from the evidence that a partnership existed, at the time of the death of Melrose, between Melrose, Fraser, and Doherty, of the kind and nature testified to by Fraser and Doherty, they will find for the plain-

tiff; 3. If the jury should find from the evidence that, at the
time of the death of Melrose, only an agreement of partnership
existed between these parties, to take effect at some future time,
they will find for the plaintiff; 4. Even if the jury should find
from the evidence that Fraser had furnished Melrose the large
amount of money he claims, or any other sum, still, if no actual
partnership existed between the three parties at the time of the
death of Melrose, the plaintiff must recover." These three in-
structions may properly be considered together. In *Deasey v.
Thurman,* 1 Idaho, 775, it was held that, "when the court in-
structs a jury upon what state of facts they must find a ver-
dict for or against either party, the instructions should include
all the facts in the controversy material to the rights of the
parties upon the claim of the plaintiff or the defense of the de-
fendant." In an action of claim and delivery, the plaintiff
must establish, as the foundation of his claim, either absolute
ownership of the property, or his right to the possession thereof
through some special interest in it. In this action the plaintiff
alleges ownership in the property claimed, which is denied in
the answer. It is not enough, therefore, for the jury to find
that certain facts are established which, in connection with own-
ership, would establish plaintiff's right, but they must also find
that the intestate was the owner, and of this the plaintiff has
the burden of the proof. The instructions asked for make no
reference to said ownership, and the ruling of the court thereon
is sustained by the authority above cited. (*Gallagher v. Will-
iamson,* 23 Cal. 334, 83 Am. Dec. 114.)

The eighth instruction asked by plaintiff, and refused, is as
follows: "If the jury believe from the evidence that plaintiff
acted on the representations of defendants that they made no
claim to this property in taking possession of the same as spe-
cial administrator of the estate of Harry Melrose, deceased, that
he will be allowed out of said property all the expenses properly
incurred by him in the management of said estate, as shown by
the evidence, until he was properly notified of the claim of de-
fendants to said estate." This instruction seems to be respon-
sive to certain evidence tending to show that, soon after the
death of the intestate, the defendants represented to the plain-
tiff that they had no claim to the property in dispute, in con-

sequence of which statements the plaintiff took the same into his possession as special administrator, and afterward returned it to defendants on their claiming the same. This is an entirely different matter than that set up in the complaint, not being declared on as a cause of action in the complaint, nor could it have been joined with it, and cannot be adjudicated in this action.

The ninth instruction asked by plaintiff, and refused, is as follows: "If the jury believe from the evidence that Fraser furnished Melrose all the money necessary to purchase and pay for the property in dispute, that fact alone can be no defense to this action. Without some special contract between them alleged and proven, Fraser can only be regarded as a creditor of the estate." While this instruction is correct as an abstract principle of law, yet an inspection of the evidence shows that there is no foundation for the claim that the money was loaned to Melrose. The evidence shows that, if furnished at all, it was furnished to the partnership. Hence, we think it was properly refused as misleading.

The first instruction given by request of defendant, and excepted to by plaintiff, is as follows: "If the jury believe from the evidence that the defendant, William J. Fraser, furnished the money for the purchase of the property in dispute under an agreement of partnership between Fraser, Melrose and Doherty, and that said property was so held by them at the time of the death of Melrose, then the jury should find for the defendants." The appellant urges that this instruction is misleading, in that an agreement for a partnership at some future time is not an actual partnership, nor would it give a right of possession to such property to the survivors. We think the construction claimed by appellant for this instruction is not the true one. If an agreement of partnership was consummated, and the money furnished under it, it is a fair presumption that the agreement was *in praesenti,* unless the contrary appears, and we think the right of possession to the property was in the surviving partners for the purpose of settling the estate. (Rev. Stats., sec. 5554.)

The objection to the third instruction given at request of defendants is sufficiently considered in our discussion of the eighth instruction requested by defendants.

The appellant urges two objections to the verdict of the jury, and these objections seem the most important questions on this appeal. The first objection is that "it should have been in the alternative, either for the delivery of the property to the respondents, or, in case delivery could not be had, for the value thereof, with damages for its detention." The verdict is as follows: "We, the jury, find for the defendants, and we find the value of the property at the time of the taking to be $2,226.88. We find the interest thereon, at ten per cent per annum from the date of the taking to the present time, to be $334.03. We assess the damages of defendants at five cents." Section 4399 of our Code of Civil Procedure provides that "in an action for the recovery of specific personal property, if the property has not been delivered to the plaintiff, or the defendant, by his answer, claim a return thereof, the jury, if their verdict be in favor of the plaintiff, or if, being in favor of the defendant, they also find that he is entitled to the return thereof, and, if so instructed, the value of specific portions thereof, may at the same time assess the damages, if they are claimed in the complaint or answer, which the prevailing party has sustained by reason of the taking or detention of such property." In the case at bar, the property had been delivered to the plaintiff. The defendant demands the recovery thereof, and the verdict of the jury finds its gross value. It does not, however, find the value of the several articles of property, or that the defendant is entitled to the return thereof in terms. The appellant urges that the failure to find the value of the several articles, and also as to whether the defendant is entitled to said return, is error which should give him a new trial. An inspection of the provision of the statute shows that the law requires that the value of specific portions be found only when the instructions of the court require the jury to do so. This provision undoubtedly places the finding of the value of specific articles within the discretion of the court. The court may require it, or dispense with it, according to the circumstances of the case as shown by the evidence. If either party desire it, they ought to request that the jury be instructed so to find. If they fail to do so, they ought not to be allowed to take advantage of it on appeal.

The appellant makes the point that it is error in the verdict that the jury did not find whether or not the property should be returned to the defendant. It is difficult to understand why the jury should find upon that matter at all. If they find as a fact that the property belongs to the defendants, the law will adjudge that it will be returned to them unless some substantial reason be shown why it cannot be done. (Wells on Replevin, secs. 753, 754; *Waldman v. Broder,* 10 Cal. 378; *Underwood v. White,* 45 Ill. 437.) In the latter case the court says, if the verdict is for the defendant, no reason is perceived why he should not be restored to the possession of the property of which he had been wrongfully deprived. Section 4471 of our Code of Civil Procedure provides that, "in the execution for the delivery of personal property, it must require the sheriff to deliver possession of the same to the person entitled thereto, and at the same time require the sheriff to satisfy any costs and damages recovered by the judgment out of the personal property of the person against whom it is rendered." Under this statute the plaintiff does not have the option to return or pay for the property as he may elect. It must be returned *in specie,* if it can be done; and, if it cannot be so returned, he must pay the value thereof. The statute does not in terms say that the jury must find whether or not the property must be returned. It declares: "If, finding for defendant, they also find for the return thereof, they must also find the value." But under what circumstances they must find for the return is not specified. It is possible that the party having taken the property in consequence of its loss or other cause may not be able to return it, and that he may desire a finding by the jury to that effect. If so, we think he ought to request such a finding; and, if he fails to do so, he cannot complain. Section 4395 provides "that when the verdict is announced, if it is informal or insufficient in not covering the issues submitted, it may be corrected by the jury under the advice of the court, or the jury may be again sent out." If the objection is not made at the time the verdict is received, it is too late to do so afterward. The statute, indeed, saves an exception to the verdict, but it is to the verdict as it is received; and, if it is sufficient to sustain a judgment, it will not be disturbed. Section 4396 declares that verdicts

are either general, which pronounce upon all or any of the issues; or special, by which the jury find only the facts, leaving the judgment to the court. In this case the verdict is general, pronouncing upon all of the issues in the case. Section 4453 provides that, in an action to recover the possession of personal property, "if the property has been delivered to the plaintiff, and the defendant demand a return thereof [which is the case at bar], judgment may be for a return thereof, or for its value in case return cannot be had." It will be observed that the provision requiring judgment for the return is not mandatory. The language is that judgment may be entered for a return. This would seem to give the court a discretion to omit in the judgment an order for its return under certain circumstances where the substantial rights of both parties could be subserved thereby. In *Brown v. Johnson,* 45 Cal. 76, the court had entered judgment for the value and damages, without any direction for the return thereof. On appeal the judgment was sustained; the court holding "that in support of such a judgment, where the record discloses nothing on the point, they will intend that the facts actually appearing below were such as to warrant its rendition." This authority would indicate that, in rendering judgment, the court would look to the evidence to determine whether the return of the property should be adjudged to the party. If this is correct, the finding of a jury as to a return thereof seems of little value in determining the rights of the party, unless, indeed, they should make a finding as to the actual *status* of the property; and thus give the court a finding upon all the facts necessary to the entry of a judgment. We think the verdict sufficient to enable the court to enter the proper judgment, under the authorities cited. (See, also, Wells on Replevin, sec. 509; *Waldman v. Broder, supra; Glann v. Younglove,* 27 Barb. 480; *Coit v. Waples,* 1 Minn. 134 (Gill. 110.)

It is further objected that the verdict is against law, because it finds both damages and interest. These are simply distinct findings of fact. Either may be omitted in entering judgment, or, if an erroneous judgment has already been entered, it may be corrected in the lower court, or, on appeal, the judgment may be reversed, and the cause remanded, with direction to enter a

judgment for the amount, less the damages, under the authority of *Berson v. Nunan,* 63 Cal. 550; *Freeborn v. Norcross,* 49 Cal. 313.

The order of the court overruling the motion for a new trial is affirmed.

Hays, C. J., and Broderick, J., concurring.