(November 20, 1893.)

## CORNWALL v. MIX.

[34 Pac. 893.]

REPLEVIN—FRAUD IN SALE.—Under general denial in replevin defendant may prove fraud in the sale to plaintiff.

SECTION 3021 OF THE REVISED STATUTES CONSTRUED.—Evidence in this case considered, and *held*, not to establish fraud, or bring case within provisions of section 3021 of the Revised Statutes of Idaho. (Syllabus by the court.)

APPEAL from District Court, Latah County.

D. C. Mitchell and C. J. Orland, for Appellant.

Statements made by the vendor of chattels, after a completion of the sale and a delivery of the chattels has been made to the vendee, and not connected with the sale, are not admissible in evidence against the vendee. (*Allen v. Kirk,* 81 Iowa, 658, 47 N. W. 906; *Guaranty Co. v. Gleason,* 78 N. Y. 503; *Lewis v. Rice,* 61 Mich. 97, 27 N. W. 867; *Frink v. Roe,* 70 Cal. 296, 11 Pac. 829; *Beard v. First Nat. Bank,* 41 Minn. 153, 43 N. W. 7; *Walden v. Purvis,* 73 Cal. 518, 15 Pac. 91; *Smith v. Jensen,* 13 Colo. 213, 22 Pac. 434; *Simpson v. Armstrong,* 20 Neb. 512, 30 N. W. 941; *Kramer v. Settle,* 1 Idaho, 485.) The court erred in instructing the jury upon the question of fraud; it was not in issue in the case. The defendants have not alleged fraud in their answer. Fraud must be specially pleaded, and cannot be sustained as a defense under a general denial. (2 Estee's Pleading and Practice, 3d ed., sec. 3539; 8 Am. & Eng. Ency. of Law, 653.)

Forney & Tillinghast and G. G. Pickett, for Respondent.

The defendant may avail himself of the defense under a general denial, that the conveyance under which the plaintiff claims title was fraudulent, and void as to the defendant. (*Mullen v. Noonan,* 44 Minn. 541, 47 N. W. 164; *Tupper v. Thompson,* 26 Minn. 385, 4 N. W. 621; *Furman v. Tenny,* 28 Minn. 77, 9 N. W. 172; *Grum v. Barney,* 55 Cal. 283.) Under our statute, if the immediate possession of the property is not delivered, in

law, presumption of fraud is conclusive. (*Woods v. Bugbey,* 29 Cal. 475.) In the first place, there was no immediate delivery. In the case of *Chaffin v. Doub,* 14 Cal. 384, the court below gave the following instructions, which were approved by the supreme court: "In determining what under the law is an immediate delivery of the property sold, you are to consider the surrounding circumstances, nature of the property to be delivered, its situation and the difficulty or ease of making it, referring to whether the delivery was made in the ordinary way which men of prudence and business would make delivery if they were acting in good faith, and with the desire and intent of carrying out their contract of sale according to law." (*O'Gara v. Lowry,* 5 Mont. 427, 5 Pac. 586.)

HUSTON, C. J.—This is an action of claim and delivery, brought by plaintiff against defendant to recover possession of certain personal property, to wit, one stallion and one jackass, alleged by plaintiff to have been wrongfully taken from his possession by defendant. The complaint alleges that at the time of the taking the plaintiff was "the owner, in possession, and entitled to the immediate possession" of the property described; alleges value of property, and claims damages for detention. Answer denies ownership of plaintiff, and his right to possession, and also sets up justification under writ of attachment against B. Williams. The case was tried before the court with a jury; verdict and judgment for defendant, from which, as well as from the order of the district court overruling plaintiff's motion for a new trial, plaintiff appeals to this court.

The following facts appear from the record: In January, 1892, one B. Williams, being the owner of the property described in the complaint, to wit, one stallion and one jackass, which property was at the time in the care and custody of one Maguire at Moscow, Latah county, Idaho, said Williams (then being at Memphis, Tennessee), executed to plaintiff, under date January 14, 1892, a bill of sale of said property for the consideration (as expressed in said bill of sale) of $800. On receipt of the bill of sale plaintiff presented same to Maguire, and demanded possession of the property. Maguire declined to surrender possession of the property, except upon condition that

plaintiff would pay him what Williams owed him (Maguire). What the amount of the indebtedness claimed by Maguire to be due to him from Williams was does not distinctly appear; but it does appear from the record that, besides a bill of $192,25, due Maguire for the keeping of said animals, there was a note past due at the Moscow National Bank, upon which Maguire was a joint maker with Williams, which note was for the sum of $659.75, dated December 12, 1891, and bore interest at the rate of one and one-half per cent per month. It would seem from the evidence in the record that the bill of sale sent by Williams to plaintiff was a proposition, or conditional sale, the terms or conditions of which were expressed in a letter or letters written at the time by Williams to plaintiff, which letters although not appearing in the record, are testified to by both plaintiff and Williams. The consideration for the sale, as testified to by both plaintiff and Williams, was the payment by plaintiff of the said note executed by Williams and Maguire to the Moscow National Bank; and also the bill of Maguire for the keeping of said animals. Plaintiff did not, it seems, at once accept of the sale, but some time after. Plaintiff says "some days after" the receipt of the bill of sale he paid the note at the bank, and the bill for keeping the animals to Maguire, and took possession of the animals, removed them from the barn of Maguire to the barn of one Blacker, which plaintiff had temporarily hired, until he could fix up his own barn for their reception and keeping. On or about the 11th of March, 1892, and while the property was being removed by plaintiff from the Blacker barn, which plaintiff had rented, to the barn of plaintiff, said property was seized by defendant, as sheriff, under the attachment aforesaid. The only evidence offered in the case was on the part of the plaintiff.

The theory of the defendant seems to be that the sale from Williams to the plaintiff was void under the statute of frauds of Idaho, in that it was not followed by an immediate delivery and an actual and continued change of possession of the property sold. Section 3021, of the Revised Statutes of Idaho, provides as follows: "Every transfer of personal property, other than a thing in action, and every lien thereon, other than a mortgage, when allowed by law, is conclusively presumed if

made by a person having at the time the possession or control
of the property, and not accompanied by an immediate delivery,
and followed by an actual and continued change of possession
of the things transferred to be fraudulent, and therefore void,
against those who are his creditors while he remains in posses-
sion," etc. Does the transfer or sale by Williams to the plain-
tiff fall within this statute? The bill of sale executed by Will-
iams to plaintiff, although absolute upon its face, seems by the
evidence adduced at the trial to have been upon conditions; that
is, plaintiff was to have the animals upon condition that he paid
the note of Williams and Maguire at the Moscow National
Bank, and also paid the bill of Maguire for the keeping of the
animals. Those conditions were not accepted at once by plain-
tiff, nor for some time thereafter; and it would seem from the
record that some further correspondence was had between plain-
tiff and Williams before the former did finally accept; but it is
undisputed that before the levying of the attachment plaintiff
had both accepted the terms of the sale and taken possession of
the property. He had paid the claim of Maguire for the keep-
ing of the animals, and, if he had not paid, he had guaranteed,
the note of Williams and Maguire at the bank, and, as appears
from the evidence, subsequently paid it. It is, we believe, the
accepted rule under the code, that fraud may be proved under
a general denial in replevin. (Cobbey on Replevin, sec. 752,
and cases cited.) But we do not think that the evidence in this
case tends even to establish fraud. The most that can be
claimed for the letter from Williams to Pickett is that the sale
to plaintiff by Williams was, or was at least considered by the
latter as, a conditional sale; and by complying with the condi-
tion the plaintiff became and was entitled to the possession of
the property. The property at the time of the sale not being
in the possession or under the control of Williams, the vendor,
the case is not within the provisions of section 3021 of the Re-
vised Statutes of Idaho.

The measure of damages in actions of replevin, where the
property sought to be recovered has a usable value, is the value
of the property at the time of the taking, with the value of its
use from the time of taking. The instruction upon this point

asked by plaintiff correctly states the law, and should have been given. Its refusal was error.

There was no error in permitting the defendant to cross-examine witness Williams as to the terms and conditions of the sale by him to plaintiff, but we do not think the evidence elicited tended to establish fraud in the sale, or to bring it within the purview of section 3021 of the Revised Statutes. Conceding all that can properly be claimed from the evidence, the plaintiff was a *bona fide* pledgee of the property, and as such was entitled to the possession thereof at the time of the taking by defendant. Judgment of district court reversed, and cause remanded for new trial.

Morgan and Sullivan, JJ., concur.