(July 23, 1918.)

ANNA TANNAHILL, Administratrix of the Estate of GEORGE W. TANNAHILL, Deceased, Respondent, v. HARRY LYDON, Sheriff of Nez Perce County, Appellant.

[173 Pac. 1146.]

CLAIM AND DELIVERY—DAMAGES—MEASURE OF—INSTRUCTIONS—VERDICT —JUDGMENT.

1. In an action of claim and delivery where the property wrongfully taken and detained has a usable value, the measure of damages is the value of the property wrongfully taken at the time of the taking with the reasonable value of the use of said property from the time of the taking to the date of the judgment, and an instruction to that effect is not erroneous.

2. When a general verdict is submitted to the jury and no special verdict is requested, a general finding for either party is sufficient.

3. In actions for claim and delivery the verdict need not be in the alternative.

4. A judgment in claim and delivery which awards the plaintiff the return of the property or the value of it, and also awards an additional sum as damages, is in the alternative and is not void for indefiniteness as to the amount upon which interest is to be paid, for if the property is returned the amount assessed as damages will alone draw interest from the date of judgment; if the property is not returned the amount assessed as the value of the property and also the amount assessed as damages will draw interest from the same date, the plaintiff, in either event, being entitled to the damages awarded.

[As to the measure of damages recoverable in replevin, see note in 22 Am. St. 285.]

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Wallace N. Scales, Judge.

Action in claim and delivery. Judgment for plaintiff *affirmed.*

P. E. Stookey, for Appellant.

"A charge that the measure of damages is 'the value of the use or hire of the property while in the possession of the defendant, from the time of the demand' is prejudicial to the defendant when unaccompanied by considerations of whether the property could have been constantly employed by plaintiff at a given rate of earnings, either letting for hire or by employment at home." (*Brunell v. Cook,* 13 Mont. 497, 34 Pac. 1015.)

The verdict in this case should have passed upon the question of ownership and wrongful taking and detention. (*Hickey v. Breen,* 40 Mont. 368, 106 Pac. 881, 20 Ann. Cas. 429; *Johnson* v. *Fraser,* 2 Ida. 371, 373, 18 Pac. 48.)

The verdict makes no mention of the essential facts of either possession, ownership or wrongful taking, all of which are essential to a judgment in plaintiff's favor. The basis of every action in claim and delivery is ownership or possession, and without a verdict on these important facts plaintiff is not entitled to a judgment in his favor. (*Castagnino v. Balletta,* 82 Cal. 250, 251, 23 Pac. 127; *Gallagher v. Williamson,* 23 Cal. 331, 83 Am. Dec. 114; *Venine v. Archibald,* 3 Colo. 163, 169; *Deasey v. Thurman,* 1 Ida. 775, 779; *Barker v. State,* 48 Ind. 163, 167. Cited to the point stated, in 90 Am. Dec. 390, and 97 Am. Dec. 499, note.)

The judgment in claim and delivery should be in the alternative,—first for the delivery of the property, and second for the payment of a specific sum in case delivery cannot be had. The judgment in this case is not clear on that point, and is also indefinite as to the item on which interest is to be charged. (*Hynes v. Barnes,* 30 Mont. 25, 75 Pac. 523.)

Charles L. McDonald, for Respondent.

"The measure of damages in actions of replevin where the property sought to be recovered has a usable value is the value of the property at the time of the taking with the value of its use from the time of taking." (*Cornwall v.*

*Mix,* 3 Ida. 687, 34 Pac. 893; *Sebree v. Smith,* 2 Ida. 359, 16 Pac. 915; *Cowden v. Finney,* 9 Ida. 619, 75 Pac. 765; *Cunningham v. Stoner,* 10 Ida. 549, 79 Pac. 228.)

BUDGE, C. J.—Since this appeal was taken the respondent, George W. Tannahill, has died, and his wife, Anna Tannahill, has been appointed the administratrix of his estate. A stipulation was filed in this court that the administratrix be substituted for and in place of respondent, George W. Tannahill, and an order of substitution has been made in accordance therewith.

This is an action in claim and delivery to recover the possession of a mare, or for her value in case recovery could not be had, and for damages for her detention. The appellant, as sheriff of Nez Perce county, took possession of the mare and sold her under a writ of execution to satisfy a judgment in the probate court of that county by one R. B. McKissick against one Hugh Terry. The case was tried to a jury and a verdict returned in favor of respondent, placing a value of $60 on the mare and fixing the damages for the unlawful detention at $85. This appeal is from the judgment entered on the verdict.

The assignments predicating error upon the rulings of the court touching the admissibility of certain evidence are without merit. The fifth assignment is that the court erred in giving the following instruction:

"The jury is instructed that in an action of this character if it is shown by a preponderance of the evidence that the plaintiff was the owner of the property in controversy, which was taken by the defendant, and entitled to the immediate possession thereof, and that said taking was wrongful, the measure of plaintiff's damage herein is the value of the property so wrongfully taken at the time of the taking, with the reasonable value of the use of the said mare from the time of the taking to this date."

It is contended by appellant that this instruction is erroneous and prejudicial because not accompanied by considerations of whether the property could have been con-

stantly employed by plaintiff at a given rate of earnings by letting for hire or by employment at home. Appellant relies upon the case of *Brunell v. Cook,* 13 Mont. 497, 34 Pac. 1015, where the judgment was reversed, as to the damages allowed, for the giving of a similar instruction. While the Montana decision clearly supports the contention of appellant, nevertheless the instruction as given has been repeatedly approved by this court. (*Sebree v. Smith,* 2 Ida. 359, 364, 16 Pac. 915; *Cornwall v. Mix,* 3 Ida. 687, 690, 34 Pac. 893; *Cunningham v. Stoner,* 10 Ida. 549, 79 Pac. 228.) In any event the amount of the damages must be proven by the evidence introduced at the trial. It is apparent from the verdict that the jury took into consideration the fact that this mare would not have been earning money for respondent during all of the time she was unlawfully detained by appellant. The usable value of the mare was placed by the witnesses at from fifty cents a day up; taking the minimum of fifty cents a day would make fifteen dollars a month. The mare was wrongfully detained approximately ten months, which would make her usable value on this basis about $150,—but the verdict fixes it at $85. It is apparent that the jury gave a practical application of the instruction to the evidence and sought to fairly assess the damages which plaintiff had suffered by appellant's wrongful detention of the mare. Under the facts as found by the jury in this case, the judgment does not appear to be excessive, and therefore the instruction cannot be regarded as prejudicial. The evidence that the mare belonged to plaintiff, that he was entitled to her immediate possession, that she was wrongfully detained by appellant, even after a written notice to the latter by the former, is conclusive and undisputed.

Objection is also taken to the form of the verdict returned which was submitted to the jury in an instruction. The verdict is as follows:

"We, the jury duly sworn and impaneled to try the above cause, for our verdict say, that we find for the plaintiff and for the immediate return of the property described in the complaint, to wit: 'One bay mare weight about 900 pounds

no visible brand named Fanney,' or for the sum of $60.00, the value thereof in case such delivery cannot be had and for the further sum of $85.00 damages for the unlawful detention of said property.''

It is contended that the verdict is contrary to law: 1. Because it is not in the alternative; 2. Because it does not show upon what amount interest is to be paid; 3. Because it does not find upon the fact of either possession or ownership.

When a general verdict is submitted to the jury and no special verdict is requested, a general finding for either party is sufficient. (*Johnson v. Fraser*, 2 Ida. 404, 18 Pac. 48; *Campbell v. First National Bank*, 13 Ida. 95, 88 Pac. 639; note to *Hickey v. Breen*, 20 Ann. Cas. 431; *Keim v. Gilmore & P. R. R. Co.*, 23 Ida. 511, 131 Pac. 656; *Eoff v. Alexander* (Okl.), 161 Pac. 807.)

In actions for claim and delivery the verdict need not be in the alternative. (*Hynes v. Barnes*, 30 Mont. 25, 75 Pac. 523; Rev. Codes, sec. 4399.)

Nor do we think there is any merit in the contention that the verdict does not show on what amount interest is to be paid. If appellant returns the property it is clear he will not have to pay the value of it, and the amount which will draw interest from the date of judgment is the amount assessed as damages; if he does not return the property, he will have to pay not only the value but also the damages and both sums will draw interest from the date of the judgment. While the case of *Morris v. Allen*, 17 Cal. App. 684, 121 Pac. 690, 693, holds that ''a fair and reasonable interpretation of the judgment warrants the conclusion that the award of damages relates to and is dependent upon the execution of the clause awarding possession,'' and intimates that if any other result were contemplated it would not be countenanced by that court, we are satisfied that the latter case loses sight of the fundamental distinction between an action in claim and delivery and an action in conversion. It may well be that where property has a usable value, the damages resulting from wrongful detention if the property is detained long

enough will far exceed the actual value of the property detained, and the owner of the property, if entitled to the possession, is also entitled to whatever damages he sustains by being deprived of that possession. Otherwise he would be put in the position of being compelled to submit to conversion against his will. The distinction is clearly pointed out by the supreme court of Kansas in *Bell v. Campbell,* 17 Kan. 211, in the following language:

"In trover the defendant detains nothing from the plaintiff but the value of the property, that is, money; while in replevin he detains the property itself. In either action the plaintiff is entitled to recover for the use of the exact thing which the defendant detains from him; but the great difference is in the thing detained. In trover, it is substantially money. In replevin, it is not money, but is some kind of property different from money. Now the law fixes the value of the use of money, but it does not fix the value of the use of any other kind of property. Therefore, in trover it would be proper to give the plaintiff seven per cent interest on the value which he recovers, for that is the legal value of the use of money; but in replevin, the value of the use of the property cannot be known except by evidence. In trover, a plaintiff should not be allowed to recover for the use of the property taken, for the property by his own election does not belong to him, but belongs to the defendant. In trover, he should be allowed to recover merely for the value of the property, and the use of such value. But in replevin, it is different. There the plaintiff owns the property itself, and therefore should be entitled to recover for the use of the property and not merely for the use of the value thereof." (See, also, *Yandle v. Kingsbury,* 17 Kan. 195, 22 Am. Rep. 282.)

The judgment is affirmed. Costs awarded to respondent.

Morgan and Rice, JJ., concur.