## DOLINSKY v. WILLIAMS.

No. 3415.   Decided March 25, 1920.   (189 Pac. 873.)

Rehearing Denied June 1, 1920.

1. DAMAGES—SPECIAL DAMAGES MUST BE PLEADED. Special damages must be pleaded.

2. REPLEVIN—JUDGMENT FOR VALUE AND FOR DAMAGES FOR DETENTION PROPER. Under Comp. Laws 1917, section 6864, in replevin

for automobile, where evidence showed defendant had sold car, plaintiff was entitled to judgment for value, not as damages for conversion, but as a substitute for property, and was also entitled to damages for taking and withholding, not being limited to interest on value from taking.

3. REPLEVIN—DAMAGES HELD "GENERAL DAMAGES" AND RECOVERABLE, THOUGH NOT SPECIALLY PLEADED. In view of Comp. Laws 1917, section 6864, damages to plaintiff in replevin for taking and withholding of property, awarded in addition to judgment for its value, were general, not special, having necessarily resulted, and did not need to be specially pleaded.[1]

4. APPEAL AND ERROR—THEORY OF DAMAGES NOT RAISED BELOW NOT REVIEWABLE. In replevin, where defendant relied wholly on contention that damages for taking could not exceed interest on value fixed at time, and did not raise by answer or request for instructions issue that no deduction from damages was made because of deterioration property would have suffered in plaintiff's possession, question is not before Supreme Court for review.

Appeal from District Court, Carbon County, Seventh District; *Hon. George Christensen,* Judge.

Action by Frank Dolinsky against F. L. Williams. From judgment for plaintiff, defendant appeals.

AFFIRMED.

*King, Braffet & Schulder,* of Salt Lake City, for appellant.

*L. A. McGee,* of Price, and *C. S. Price,* of Salt Lake City, for respondent.

WEBER, J.

In his complaint respondent, who was the plaintiff in the trial court, alleges, inter alia, that on September 8, 1918, at Helper, Carbon county, Utah, he was and is the owner and entitled to the possession of a certain automobile of the

---

[1] *Farrand & Votey* v. *M. E. Church,* 18 Utah 34, 54 Pac. 819.

value of $1,700, and that on said day, without plaintiff's consent, and wrongfully, defendant came into possession of said automobile, and still "retains and unlawfully withholds said property from plaintiff, to his damage in the sum of $250." An affidavit in claim and delivery and an undertaking were filed with the complaint, and appellant filed a redelivery bond on the same day and retained possession of the car. The case was tried on March 7, 1919, and at that time the complaint was amended by alleging that the damages were $750. The jury's verdict was in favor of respondent for $1,700, the value of the car in case delivery could not be had, and $750 damages. Defendant appeals.

At the trial it was stipulated that the value of the car at the date it was taken by appellant was $1,700.

Appellant's contention is:

"When the defendant retained the possession of said car by filing a redelivery bond and the value of said car was fixed at the time of the taking of the same from the plaintiff by the defendant in this action, the plaintiff could not recover any damages for the value of the use of the said car from the time of the taking until the time of the trial for two reasons: (1) That such damages would have to be specially pleaded; (2) that when the value is fixed at the time of the taking it amounts to a sale of the property at the time."

If the value of the use of the automobile constitutes special damages, the allegation in the complaint as to damages is clearly insufficient. Special damages must be pleaded. It is expressly provided by Comp. Laws Utah 1917 section 6864, that—

"In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession or the value thereof, in case a delivery cannot be had, and damages for the detention. If the property has been delivered to the plaintiff and the defendant claims a return thereof, judgment for the defendant may be for a return of the property, or the value thereof, in case a return cannot be had, and damages for taking and withholding the same."

In this case the evidence shows that appellant had sold the automobile, and respondent was therefore entitled to a judgment for the value of the property "not 1,2 as damages for its conversion, but as a substitute for

and in lieu of the property," and was "in addition * * * entitled to a judgment for damages for the taking and with holding" the property. *Nahhas* v. *Browning* (Cal.), 183 Pac. 442.

And the damages were general, not special. They were such damages as necessarily result from taking and detaining property, and need, therefore, not be specially pleaded. In *Farrand & Votey* v. *M. E. Church*, 18 Utah at page 34, 54 Pac. at page 819, the court, quoting from 3 Suth. Damages, Section 1144, said:

> "Without alleging special injury the plaintiff may recover in replevin such damages for the detention of the property as the jury, upon all the evidence, may be satisfied that its use, considering its nature and character, was worth during the time of the detention."

It is insisted by appellant that when the value of the property is fixed at the time of taking, the loss of use should be compensated by allowing the succesful party in a replevin suit to recover interest on the value of the property from the time of taking. Many authorities upholding that contention are cited by appellant's counsel. So far as this jurisdiction is concerned, the question is settled in *Farrand & Votey* v. *M. E. Church*, supra, in which the rule stated in 3 Suth. Damages, Section 1144, is adopted, as follows:

> "Interest on the value will not be adequate compensation, and is not the measure of damages where the use of the property detained is valuable. The owner is entitled to recover the value of the use if he prefers it to interest during the time he was deprived of possession."

The court then says:

> "We are of the opinion that it was not error to allow the plaintiff the value of the use of the property during its unlawful detention, instead of interest on its value."

If the value of the use of an article exceeds the interest, it is fair and just that the one deprived of his property should be paid what the use was reasonably worth. This seems to us the better rule. *Nahhas* v. *Browning*, supra; *Hammond* v. *Thompson*, 54 Mont. 609, 173 Pac. 229; *Tannahill* v. *Lydon*, 31 Idaho, 608, 173 Pac. 1146; *Tucker* v. *Hagerty*, 37 Cal. App. 789, 174 Pac. 908; *Hunt* v. *Cohen* (Okl.) 179 Pac. 1; *Beck* v. *Lee*, 172 Pac. 686.

Counsel call attention to the principle that, if a party detaining property did not use same, the deterioration which it would have suffered by use as the owner would have used it must be deducted from the value of the use, and that in this case no deduction was made because of deterioration. This issue was not raised by defendant's answer. No instruction was requested upon the subject, and in no way is the question before us for review. It is apparent that in the trial court appellant relied wholly upon his contention that in replevin when the value of the property is fixed at the time of the taking the damages may not exceed the interest on such value, and thus relying upon that theory of the case, counsel logically perceived no reason for raising an issue which they thought immaterial.

The record discloses no prejudicial error.

The judgment is therefore affirmed, with costs to respondent.

CORFMAN, C. J., and FRICK, GIDEON, and THURMAN, JJ., concur.