(December 29, 1920.)

## STINE LUMBER & SHINGLE COMPANY, a Corporation, Appellant, v. FRANK E. HEMENWAY, Respondent.

[194 Pac. 850.]

Fraud—Instructions.

> 1. Instructions given examined and found to state the law applicable to the case correctly.
>
> 2. Instructions offered by appellant and refused by the court examined, and so far as not included in the instructions given, found not to state the law correctly, and to be inapplicable to the evidence.

APPEAL from the District Court of the Eighth Judicial District, for Benewah County. Hon. John M. Flynn, Judge.

Action for damages. Judgment for defendant. *Affirmed.*

E. N. La Veine, for Appellant.

The theory upon which the court instructed the jury was not the correct interpretation of the law applicable thereto. (*Breshears v. Callender,* 23 Ida. 348, 131 Pac. 15.)

The refusal of the court to give plaintiff's requested instructions was reversible error. Instruction A. (Branson's Instructions to Juries, pp. 542, 613 (4) and (5).) Instruction B. (5 Words & Phrases, 4588–4596.) Instruction C. (Instructions to Juries, Blashfield Forms (1903 ed.), pp. 1148, 2787.) Instruction D. (20 Cyc. 483, "Duty to Inquire," b.) Instruction E. (Branson's Instructions to Juries, p. 469.) Instruction F. (Branson's Instructions to Juries, p. 611.)'

Potts & Wernette, for Respondent.

The instructions given by the court, taken as a whole, clearly state the law applicable to the case. (*Osborn v. Cary,* 28 Ida. 89, 152 Pac. 473; *Tarr v. Oregon Short Line R. R. Co.,* 14 Ida. 192, 25 Am. St. 151, 93 Pac. 957; *Lufkins v.*

*Collins,* 2 Ida. 256, 10 Pac. 300; *Hansen v. Haley,* 11 Ida. 278, 81 Pac. 935.)

Instruction No. 5 has been expressly approved. (1 Brickwood, Sackett's Instructions, p. 744; *Taylor v. Lytle,* 29 Ida. 546, 160 Pac. 942.) Instruction No. 8 states the law as announced in *Johnson v. Holderman,* 30 Ida. 691, 167 Pac. 1030. Instructions Nos. 9 and 10, requiring that the representations must have been as to matters of fact, and no mere expressions of opinion, state the settled law in cases of this kind. (20 Cyc. 17; *Holton v. Noble,* 83 Cal. 7, 23 Pac. 58; *Doran v. Eaton,* 40 Minn. 35, 41 N. W. 244; *Buxton v. Jones,*' 120 Mich. 522, 79 N. W. 980; *Mayo v. Wahlgren,* 9 Colo. App. 506, 50 Pac. 40; *Kincaid v. Price,* 82 Ark. 20, 100 S. W. 76; *Van Horn v. O'Connor,* 42 Wash. 513, 85 Pac. 260; *Bossingham v. Syck,* 118 Iowa, 192, 91 N. W. 1047.)

RICE, J.—This is an action brought by appellant to recover damages for certain alleged fraudulent representations, claimed to have been made by respondent, to induce appellant to purchase a body of cedar timber.

Appellant seeks to predicate error upon the giving of certain instructions by the trial court, and the refusal to give certain instructions offered by appellant. The instructions as given substantially state the law applicable to the case.

The description of the property conveyed by the timber deed is as follows:

"All merchantable cedar timber now standing, lying or being upon the following described tract of land, to wit:

"A tract of land comprising an area of twenty (20) acres, more or less, situate in the Northwest corner of the Northwest quarter of the Northwest quarter (N. W. 1/4 N. W. 1/4,) Section Thirty-four (34), in Township Forty-five (45) North of Range (3) E. B. M., well known to both parties hereto."

The instructions offered by appellant and refused, with the exception of Instruction "B," were instructions relative to the law of fraud as applied to the case in hand, and so far as they correctly stated the law the substance was included in the instructions given. Instruction "B" is as follows:

"The court instructs the jury that the addition of the words 'more or less,' to the statement of the number of acres conveyed in the timber deed in evidence, converts what would otherwise be a sale by the acre to a sale in gross, but merely covers a reasonable deficiency only, not to exceed ten percent., that is, such as may be caused by a difference in surveys or variations in instruments or similar causes. If you find that the difference between the actual acreage of the cedar and the acreage set out in the timber deed in evidence is so great as to warrant the conclusion that the contract would not have been entered into, had the true acreage been known by the plaintiff, then you must find for the plaintiff."

This instruction was properly refused. The deed in evidence was not a conveyance of any land, but only of timber. The attempted description of the land upon which the timber stood was wholly defective. It cannot be said that it described any tract of land. It appeared from the evidence, however, that the body of timber intended to be conveyed was well defined. This is not an action based on breach of warranty, but on fraud. Even if the sale had been of a tract of land, the proposed instruction does not state the law and should not have been given. Had the case been one of that nature, it would have been for the jury to say what a reasonable deficiency would be.

Moreover, there was evidence in the case from which the jury may have inferred that appellant did not rely upon the representations of respondent, either as to the area covered by the body of timber or as to its quality.

The judgment is affirmed. Costs awarded to respondent.

Morgan, C. J., and Budge, J., concur.