(No. 6282.   October 31, 1935.)

PRESTON A. BLAIR COMPANY, a Corporation, Respondent, v. EARL ROSE, Appellant.

[51 Pac. (2d) 209.]

C. E. Crowley and Newel S. Crowley, for Appellant.

Ralph L. Albaugh and A. A. Merrill, for Respondent.

MORGAN, J.—This is an action in claim and delivery commenced and tried in the probate court. Judgment was for plaintiff and defendant appealed to the district court where the case was tried to a jury. That trial resulted in a verdict for plaintiff, upon which judgment was entered that it have, retain and recover from defendant possession of an automobile, the property involved in the action, together with its costs. The case is here on appeal from that judgment.

Counsel for appellant present these points:

"1. That the probate court had no jurisdiction of claim and delivery actions.

"2. That the complaint in this case failed to state a cause of action.

"3. Failure of the court to properly instruct the jury.

"4. Insufficiency of the forms of verdicts given to the jury."

The record on appeal consists of a copy of the judgment roll and of certain other files in the office of the clerk of the district court, specified in the *praecipe,* but does not contain a transcript of the evidence. Certain documents, apparently admitted in evidence, transmitted by the clerk of the district court, have been submitted for our consideration, but, in the absence of testimony identifying them and showing what bearing, if any, they have on the case, they cannot be considered proof of anything at issue.

The following documents called for by the *praecipe* are incorporated in the record, and are designated by appellant:

"Defendant's Requested Instruction No. 5."

"Court's Instruction to Jury No. 11."

"Verdict of the Jury."

"Form of Verdict of the Jury for the defendant, submitted by the Court to the Jury."

Appellant asks us to review the action of the trial judge in refusing to give requested instruction No. 5 and in giving instruction No. 11; also in submitting forms of verdict which permitted the jury to find for plaintiff without finding the value of the property involved.

Requested instruction No. 5, which was marked by the judge "Refused Not The Law Applicable," and instruction No. 11, which was given, are as follows:

No. 5. "The jury is instructed that if you find in this case that the value of the automobile in question exceeded $500.00 on November 5, 1934, then your verdict should be for the defendant."

No. 11. "If your verdict in this case is for the defendant, you will then be required to determine the value of the car at the time it was repossessed by the plaintiff."

In the absence of a bill of exceptions and of a reporter's transcript, settled by the trial judge, it is impossible for us to say what evidence was introduced, if any, with respect to the value of the automobile. The record contains no evidence in support of the allegation that it was of a value in excess of $500, which is the limit of the jurisdiction of the probate court in civil actions. It is alleged in the complaint that it was of the value of $440.70, and in the answer that its actual value was more than $500, but we cannot assume there was evidence which would make necessary the giving of requested instruction No. 5, or would render prejudicial to appellant the giving of instruction No. 11.

In *Gropp v. Huyette*, 35 Ida. 683, 208 Pac. 848, the fourth section of the syllabus is:

"Where there is no statement, bill of exceptions or reporter's transcript properly settled in the record on appeal, it will only be examined for fundamental errors, and if in any view of the record the judgment below can be upheld, it will be affirmed."

See, also, *Bergh v. Pennington*, 33 Ida. 726, 198 Pac. 158, and *Baldwin v. Singer Sewing Machine Co.*, 48 Ida. 596, 284 Pac. 1027.

Requested instructions are properly refused when they are not based on evidence in the case. (*Johnson v. Fraser*, 2 Ida. 404, 18 Pac. 48; *Stine Lumber & Shingle Co. v. Hemenway*, 33 Ida. 384, 194 Pac. 850; *Newman v. Oregon Short Line R. R. Co.*, 34 Ida. 417, 201 Pac. 710; *Carlson v. Ozmun*, 44 Ida. 500, 258 Pac. 1078.)

What has been said with respect to instructions applies to forms of verdict provided by the judge for use by the jury. The verdict returned is:

"We, the jury, duly impaneled and sworn to try the above entitled cause, find for the plaintiff.

"Dated this 23 day of March, 1935.

"Frank B. Cole,
"Foreman."

That form was given to the jury by the judge, together with this:

"We, the jury, duly impaneled and sworn to try the above entitled cause, find for the defendant, and fix the value of the property at $——.

"Dated this —— day of March A. D. 1935.

—————————————,
"Foreman."

Appellant insists he was entitled to have a form of verdict given to the jury which would show its decision as to the value of the property if it found for the plaintiff, for, in case it found the value to be more than $500, the amount involved would be in excess of the jurisdiction of the probate court and the action would abate because then the district court would be without jurisdiction on appeal.

It is recited in the judgment, which is in the transcript, that "said property was delivered to the plaintiff by the sheriff at the commencement of this action, and that plaintiff retains possession of the same." That fact probably accounts for provision being made in the form of verdict in favor of defendant for the jury to find the value of the property and for omitting it from the form of verdict in favor of plaintiff. I. C. A., sec. 7–222, is as follows:

"In an action for the recovery of specific personal property, if the property has not been delivered to the plaintiff, or the defendant, by his answer, claim a return thereof, the jury, if their verdict be in favor of the plaintiff, or if being in favor of the defendant, they also find that he is entitled to a return thereof, must find the value of the property, and if so instructed, the value of specific portions thereof, and

may at the same time assess the damages, if any are claimed in the complaint or answer, which the prevailing party has sustained by reason of the taking or detention of such property.''

As heretofore pointed out the record does not contain the evidence, and we do not know there was any proof to sustain appellant's allegation that the property was worth more than $500. Therefore we cannot say it was error for the judge to refuse to submit to the jury the question of its value should the verdict be for plaintiff.

Appellant demurred to the complaint and the demurrer was overruled. He assigns the ruling as error and specifies, with respect thereto, as follows:

''a. Under the constitution and statutes of Idaho, the probate court was never given jurisdiction of the subject matter in actions involving the title or right of possession of personal property, and the district court on appeal had no jurisdiction greater than the probate court in this case.''

Our claim and delivery action was provided for in the laws of the Territory of Idaho. (Rev. Stats. 1887, Title VII, Chap. II.) When the constitution was adopted it vested the judicial power of the state in the courts named (including the probate court) in art. V, sec. 2, which is as follows:

''The judicial power of the state shall be vested in a court for the trial of impeachments, a supreme court, district courts, probate courts, courts of justices of the peace, and such other courts inferior to the supreme court as may be established by law for any incorporated city or town.''

The only limitations upon the jurisdiction of probate courts in their exercise of the judicial power of the state are to be found in art. V, sec. 21. It is:

''The probate courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, and appointment of guardians; also jurisdiction to hear and determine all civil cases wherein the debt or damage claimed does not exceed the sum of five hundred dollars, exclusive of interest, and concurrent jurisdiction with justices of the peace in criminal cases.''

There is nothing in the constitution which indicates an intention on the part of the framers thereof to exclude actions for claim and delivery from the jurisdiction of probate courts, except in cases where the amount involved is in excess of $500.

Appellant argues that since claim and delivery is an action for the recovery of possession of personal property, and not for debt or damage, the probate court is without jurisdiction of it even if its value is less than $500. He relies on *Commercial Credit Co. v. Mizer*, 50 Ida. 388, 392, 296 Pac. 580, 581, wherein it is said:

"Ordinarily, the only question involved in an action in claim and delivery is the right to the possession of the article in controversy."

As sustaining this statement of the law, the author of that opinion cited *Cunningham v. Stoner*, 10 Ida. 549, 79 Pac. 228, and *Smith v. Washburn-Wilson Seed Co.*, 40 Ida. 191, 232 Pac. 574. An examination of these cases will show right of possession is not the only issue which may be presented in an action of claim and delivery, and that the language above quoted from *Commercial Credit Co. v. Mizer* should be construed to mean that right of possession of personal property, rather than title thereto, is, ordinarily, the question involved in a claim and delivery action.

In *Cunningham v. Stoner* the court said:

"The question of the right to the possession of said sheep was the main point in issue, and not the ownership of said sheep, although the appellant alleges that he is the owner.

"In an action of claim and delivery, the right to the possession of the property is the main issue."

In *Smith v. Washburn-Wilson Seed Co.*, it is said:

"Primarily the right to possession and not necessarily the title to the property is the controlling question. One may have title and still not have the right to possession, and conversely, one may have the right to possession without title."

Claim and delivery is an action both *in personam* and *in rem*. It was pointed out in *Bates v. Capital State Bank*, 21 Ida. 141, 150, 121 Pac. 561, 563, that the common

law action of replevin has been abolished in this state and that our action in claim and delivery is a substitute therefor. The court said:

"Under our claim and delivery law, such an action as the one at bar may be maintained against a person who first wrongfully converted such property, although he may not have the possession thereof at the time the action is commenced. In other words, the defendant does not necessarily have to be in the possession of the chattels when the action is commenced for their recovery in order for the plaintiff to maintain his action."

See, also, *Oakes v. Lake,* 290 U. S. 59, 54 Sup. Ct. 13, 78 L. ed. 168.

In such a case the action is one for damages and this provision for judgment therefor is found in I. C. A., sec. 7–1104:

"In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession or the value thereof, in case a delivery can not be had, and damages for the detention. If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property or the value thereof, in case a return cannot be had, and damages for taking and withholding the same."

It is said in 54 C. J. 419, sec. 5:

"Replevin is not an action *in rem,* although it is said to have been so originally, but is what is usually called a mixed action, being partly *in rem* and partly *in personam; in rem* so far as specific recovery of the chattels is concerned, and *in personam* as to the damages."

Probate courts, in Idaho, have jurisdiction of the action of claim and delivery when the value of the property involved, if title thereto be in issue, and damages claimed for the wrongful detention thereof, or for damages claimed alone, when title is not in issue, do not exceed $500. As to the right to recover damages for wrongful detention, in addition to the value of the property when delivery cannot be had, see I. C. A., sec. 7–1104; *Sebree v. Smith,* 2 Ida. 357, 16 Pac. 477; *Cornwall v. Mix,* 3 Ida. 687, 34 Pac. 893; *Cun-*

*ningham v. Stoner,* 10 Ida. 549, 79 Pac. 228; *Campbell v. First National Bank,* 13 Ida. 95, 88 Pac. 639; *Tannahill v. Lydon,* 31 Ida. 608, 173 Pac. 1146.

In support of his assignment that the court erred in overruling his demurrer to the complaint, appellant further specifies:

"b. The possession of the car having been given to the respondent by plaintiff, under a contract, the complaint failed to state a cause of action, when there was no fact alleged therein that would, if true, make the possession by the respondent of the car in question, unlawful or wrongful, especially when respondent waived strict enforcement by accepting payments long after due."

The trouble with appellant's specification last above quoted is that it attempts to inject into the complaint material allegations which do not appear therein. There is nothing to be found in the complaint to the effect that possession of the car had been given to defendant by plaintiff, or anyone else, under a contract, or otherwise or at all, nor is there anything in the complaint to the effect that plaintiff waived strict enforcement of the contract by accepting payments after due, or at any other time, nor does it show any payments were ever made.

Like criticism may be made of a portion of the demurrer itself, wherein is set forth:

"That this court has no jurisdiction of the subject matter in this case, for the reason that the property involved in this action is of the actual value of over $500.00, which is beyond the limit of the jurisdiction of this court in any case, . . . . "

The only allegations in the complaint with respect to the value of the automobile are that it is of the value of $440.70, and that defendant unlawfully withholds and detains it from plaintiff to its damage in that sum.

To the extent that the demurrer is based on facts not appearing in the complaint, but sought to be added to the allegations thereof for the purpose of defeating the cause of action therein stated, it is a speaking demurrer and has no place in the practice of law in Idaho. (Black's Law

Dictionary, 3d ed., 553; 49 C. J., p. 420, sec. 535, and p. 423, sec. 536; *M. W. P. H. G. Lodge v. M. W. H. G. Lodge,* 86 Colo. 330, 282 Pac. 193; *Dodrill v. State Bank of Alamogordo,* 35 N. M. 342, 297 Pac. 144; *Porter Const. Co. v. Berry,* 136 Or. 80, 298 Pac. 179.)

The judgment is affirmed. Costs to respondent.

Givens, C. J., and Budge, Holden and Ailshie, JJ., concur.