CHARLES H. ROBINSON, and others,

*vs.*

JESSE W. BERRY.

York.    Opinion December 7, 1899.

*Sales.    Infancy.    Possession.*

In an action of replevin it appeared that the defendant received the goods replevied, under a written agreement which constituted a conditional sale to him, and by which the title to the goods would pass only when the price should have been paid. The defendant was a minor and pleaded infancy. *Held;* that the plaintiffs did not part with the title; and even if the defendant had avoided his conditional contract, as he claimed, the title still remains in the plaintiffs.

*Also;* that the plaintiffs have the right of possession, for breach of the conditions of contract.

AGREED STATEMENT OF FACTS.

The case appears in the opinion.

*G. W. Hanson,* for plaintiffs.

The contract in this case was made in Boston, at a time when Berry, the defendant, was a resident of New Hampshire. The goods were moved to the state of Maine without the knowledge or consent of the plaintiffs. The contract must be governed by the laws of Massachusetts, the place where it was made, and, by that law, amounts to a conditional sale. *Gross* v. *Jordan*, 83 Maine, 383; *Gorham* v. *Holden*, 79 Maine, 317.

Under such a contract the property does not pass until performance of the conditions. *Gorham* v. *Holden*, supra; *Furniture Co.* v. *Hill*, 87 Maine, 17; *Armour* v. *Pecker*, 123 Mass. 143.

On breach of the conditions the seller may retake the property or replevin. *Quimby* v. *Lowell*, 89 Maine, 547; *Williams* v. *Williams*, 23 So. Rep. 291; *Wall* v. *Mitkiewicz*, 9 App. D. C. 109; *Richardson Drug Co.* v. *Teasdall*, 72 N. W. Rep. 1028.

No demand is necessary. *Salomon* v. *Hathaway*, 126 Mass. 482; and a resale to a third person passes title. *Webber* v. *Osgood*, 38 Atl. 730, (N. H.)

If defendant annuls the sale by avoiding the mortgage, he cannot claim the property; both are one transaction. Jones, Chat. Mtges., § 40; *Heath* v. *West*, 28 N. H. 101.

*J. S. Derby and J. O. Bradbury,* for defendant.

The written instrument is clearly voidable by the infant maker; and is avoided during minority by his plea. *Robinson* v. *Weeks*, 56 Maine, 102, 107; *Towle* v. *Dresser*, 73 Maine, 252. Articles not necessaries. *Bent* v. *Manning*, 10 Vt. 225; *Merriam* v. *Cunningham*, 11 Cush. 40.

The exception,—as to necessaries,—to the voidable contracts of infants extends only to the articles themselves and not to collateral agreements. *Miller* v. *Smith*, 26 Minn. 248; *Chapin* v. *Shafer*, 49 N. Y. 411; *Willis* v. *Twambly*, 13 Mass. 204.

The written instrument executed by the minor, being avoided by him, the transaction constituted "a sale partly on credit, the title to the property passing upon the delivery." *Quimby* v. *Lowell*, 89 Maine, 549.

The statute,—R. S. ch. 111, § 2,—is intended to protect the

infant from improvident contracts and if "the other party to the contract seeks to enforce it against him, the statute is a protection." *Hilton* v. *Shepherd*, 92 Maine, 164.

The action is premature as the written instrument contains alternative times of payment, one of which had not matured when suit was brought. The promisor has the option of the alternatives. 2 *Parson's Cont.* 169; 3 *Addison, Cont.* 789; *Layton* v. *Pierce*, 1 Doug. 16; *Smith* v. *Sanborn*, 11 Johns. 59.

SITTING:   EMERY,   HASKELL,   WISWELL,   STROUT,   SAVAGE, FOGLER,   JJ.

SAVAGE, J.   Replevin of certain articles of household furniture which were received by the defendant from the plaintiffs under an agreement in writing, signed by the defendant, dated March 1, 1898.   This agreement, after reciting a receipt and "hiring" of the furniture, contains, among others, the following provisions:

"For the use of the above mentioned articles, I agree to pay to the said C. H. Robinson & Co., their representatives and assigns, the following rent, and at the terms stated below, viz:   Fifteen Dollars upon the signing of this agreement, and Twelve 50-100 Dollars per month thereafter, entire amount to be paid by October 1, 1898; the above articles to be used by me at Pittsfield, N. H. .   .   .   .   But in case of failure to pay said rent as aforesaid, the said C. H. Robinson & Co., or their agents, may without demand or notice, or being deemed guilty of trespass or tort, and without thereby rendering themselves liable to refund any sums received by them as rent aforesaid, enter any house or place where said articles may be, and examine or take possession of and remove said articles therefrom.   .   .   .   .   I further agree that so long as said rent shall be payable as aforesaid, I will not injure, sell, mortgage, or re-let the said articles, or remove the same from the above mentioned place; and that in case of failure to pay said rent, I will, on demand, return said articles to the said C. H. Robinson & Co., or their legal representatives.   It is expressly agreed that the title to each and all of the above goods and articles   .   .   .   .   remains

in C. H. Robinson & Co., and they remain absolute owner of the same until the full price for all the goods in all such leases are fully paid. But that upon full payment to the said C. H. Robinson & Co., the prices named in all the leases . . . . they will release their claim in and for the goods leased to me."

The agreement also provides that if the "articles" should be taken possession of by the plaintiffs for non-payment of rent, they might be sold on defendant's account.

It is admitted that at the time of the execution of the agreement, the defendant was a minor, married and living at Pittsfield, N. H., and that he is still under age; that he paid fifteen dollars at the time the contract was made, and never made any further payment; that he afterwards removed the goods from Pittsfield to Springvale, Maine, without the written consent of the plaintiffs; and that, after demand, the goods were taken upon this replevin writ, which is dated June 10, 1898.

The defendant, after the appointment of a guardian ad litem, pleaded the general issue, with a brief statement setting up infancy, and that title was in himself and not in the plaintiffs.

The agreement signed by the defendant, on its face, constitutes a conditional sale, by which the title to the goods would pass only when the price should have been paid. *Gorham* v. *Holden*, 79 Maine, 317; *Gross* v. *Jordan*, 83 Maine, 380. But the defendant, while conceding that the contract was a conditional sale, now contends that the conditional contract has been avoided by him by his plea of infancy, and that the result is that the absolute title is now in him. We do not think it can be so. No doubt such a contract as this is voidable on account of infancy, but in other respects it is to be construed and enforced like other similar contracts. The relation of the plaintiffs to the goods, and their title in them, are the same as if the other contracting party had been of full age. They parted with their possession only conditionally. They never parted with the title. The defendant received possession and held it subject to the conditions, which were lawful ones. Among the conditions was one that title should not pass until full payment, and another was that upon failure to pay rent or instalments as

agreed, the plaintiffs might take possession. These conditions affect the defendant minor the same as if he were an adult. He obtained no greater right to the property than the contract expresses. He was entitled to retain possession only on condition that he paid. He could obtain title only by paying. He did not pay according to contract. The plaintiffs, therefore, were clearly entitled, upon demand, to enforce their right of possession by replevin.

We are entirely unable to see how the avoiding of the contract by plea of infancy entitles the defendant to retain the goods. While the defendant held to the contract, he was a conditional vendee. He certainly could not get a better title by repudiating the contract.

But the defendant further says that this action is prematurely brought, that by the terms of the contract there was no failure on his part, if he paid the whole amount by October 1, 1898. We do not so construe the contract. The defendant agreed to pay $12.50 each month, and to pay the whole by October 1, 1898, which would simply make the last payment larger than the preceding monthly payments. He failed to pay as agreed, and the plaintiffs were entitled to possession.

*Judgment for plaintiffs. Damages one dollar.*