(No. 5529.  February 21, 1931.)

COMMERCIAL CREDIT COMPANY, a Corporation, Respondent, v. FRED MIZER and JAMES MIZER, a Minor, by His Guardian, FRED MIZER, Appellants.

[296 Pac. 580.]

R. M. Angel and Frank Croner, for Appellants.

Martin & Martin, for Respondent.

ADAIR, District Judge.—This is an action in claim and delivery to recover possession of an automobile. There is no dispute as to the material facts. James Mizer, an infant under the age of eighteen years, owning an automobile, made a deal with the Hitchcock Motor Company, pursuant to which he delivered his used car as a down payment and agreed to pay an additional amount for a new car, executing a written conditional sale contract in the usual form. The vendor, Hitchcock Motor Company, immediately sold and assigned this contract to the respondent herein, which is a credit corporation engaged in the business of buying and handling automobile paper. Later, Mizer decided to rescind the contract and failed and refused to make any of the specified deferred payments. A demand was made for the return of the property, and upon refusal, this action was instituted against Fred Mizer, the father of James Mizer, who was at the time in the actual possession of the vehicle,

and later the infant, himself, was, by proper proceedings, brought in and made a party defendant.

Appellants contend that because of the minority of the purchaser he had the right to rescind the contract and retain possession of the automobile he contracted to purchase. This position is not tenable. A minor may disaffirm his contract, but he cannot keep the property upon disaffirming and rescinding, where he came into possession through a conditional sale contract that reserved title in the seller. (Estrich on Installment Sales, sec. 225, p. 465; *Robinson v. Berry*, 93 Me. 320, 45 Atl. 34.)

A plea of infancy is not a defense in an action for claim and delivery when it appears that the infant's right to possession is contingent upon compliance with the terms of the contract under which he originally came into possession. In this case the respondent is not seeking to recover the deferred payments stipulated for, nor to enforce the contract against the infant, but is simply attempting to regain possession of its own property. One of the conditions of the contract was that title should not pass until full payment, and another was that upon failure to pay the installments, as agreed, the vendor might take possession. These conditions affect a minor the same as if he were an adult. He is entitled to retain possession only on condition that he make the payments he contracted to make. Obviously he has the right to rescind because of his minority, yet he cannot obtain title to the article except by completing the payments according to the contract.

In the case of *Robinson v. Berry, supra,* the court said:

"We are entirely unable to see how the avoidance of the contract by plea of infancy entitled the defendant to retain the goods. While the defendant held to the contract he was conditional vendee. He certainly could not get a better title by repudiating the contract."

The provisions of C. S., sec. 4585, permitting a minor under the age of eighteen years to disaffirm all contracts except those for necessities and those entered into under ex-

press statutory authority, and further providing that in case the infant is over eighteen years he must restore the consideration, are not applicable to the situation which pertains in this case. This section of the statute cannot be construed to provide that an infant under the age of eighteen years may disaffirm or rescind a conditional sale contract and vest in himself title to the property therein described.

This cause was originally tried before Hon. H. F. Ensign, who died before the rendition and entry of judgment. It was stipulated that the matter should be submitted to Hon. Doran H. Sutphen, successor in office to the deceased district judge, upon the record theretofore made, without the introduction of any further or other evidence, and that the decision should be based upon such record. The infant defendant sought to amend his answer, after the case was so resubmitted, by setting up an affirmative defense and cross-action for the recovery of his used car. He did not attempt to make the Hitchcock Motor Company a party, although it was the one which was involved in this transaction.

Ordinarily, the only question involved in an action in claim and delivery is the right to the possession of the article in controversy. (C. S., sec. 6756; *Cunningham v. Stoner*, 10 Ida. 549, 79 Pac. 228; *Smith v. Washburn-Wilson Seed Co.*, 40 Ida. 191, 232 Pac. 574.)

To try the cause on such proposed amended answer, even if the issue there tendered could properly have been raised, would have required the submission of additional evidence, and the bringing in of a new and additional defendant. The parties were bound by their stipulation. The trial court properly denied such application to amend.

The judgment is affirmed, with costs to respondent.

Lee, C. J., and Givens, Varian and McNaughton, JJ., concur.