444 P.2d 409

James L. MORRISON, Plaintiff-Appellant,

v.

QUALITY PRODUCE, INC., an Idaho corporation, Defendant-Respondent-Counterclaimant.

No. 9860.

Supreme Court of Idaho.

July 18, 1968.

Rehearing Denied Sept. 10, 1968.

———◆———

Robert F. McLaughlin, Mountain Home, for appellant.

John Hjellum, II, Boise, for appellee.

TAYLOR, Justice.

Plaintiff (appellant) as owner leased certain farm land in Elmore County to the partnership of Iehman and Garrison for the crop year of 1964 for a cash rental of $6,400.00. The tenants planted potatoes on approximately 110 acres of the leased land. In October, 1964, the partners were sued in two actions filed by creditors, and the growing potato crop was attached in

those actions. In order to obtain the release of the crop for harvesting, the partners sold the crop to defendant (respondent) for the price of $2.00 per cwt. field run, less tare. The partnership obtained the release of one of the attachments by posting a bond and the defendant advanced money on the contract for the sale of the potatoes to obtain release of the other attachment. Three documents were executed in connection with the sale of the potato crop: one was a contract for the sale of the potatoes by the partnership to the defendant; another was an assignment by the partnership to the plaintiff of the sum of $6,225.00 of moneys to become due to the partnership on the purchase price of the potatoes, and authorizing and directing defendant to pay that amount to the plaintiff; the third was a bill of sale executed by the partnership conveying the potatoes to the plaintiff Morrison and the defendant Quality Produce, Inc. After the harvest and after deducting the advances made by it, for the release of the attachment and for the cost of harvesting and transportation of the potatoes, and other incidental expenses, the defendant paid to the plaintiff the sum of $725.00 as the balance due on the purchase price of the potatoes.

In March, 1965, plaintiff brought this action in claim and delivery for the recovery of 2800 sacks of potatoes or the value thereof. Plaintiff alleged the potatoes claimed were of the value of $8,000.00 and posted a $16,000.00 bond for the delivery thereof. Pursuant to directions of plaintiff, the sheriff took possession of the potatoes by padlocking the several cellars in which the potatoes were stored and wherein they had been commingled with other potatoes by the defendant. Defendant did not claim redelivery, but filed a counterclaim alleging ownership and right of possession of the potatoes and claimed damages for the wrongful taking thereof. The sheriff delivered approximately 2800 cwt. of potatoes from the cellars to the plaintiff and released the remainder. While the sheriff was in possession a fire occurred in one of the cellars, causing some damage to the potatoes therein.

The cause was tried to a jury, and the court upon the jury's verdict, entered judgment denying the relief prayed by plaintiff and granted to defendant upon its counterclaim judgment against plaintiff for the sum of $258.20 damages for cost of resorting of potatoes damaged by fire; $16,500.00 for the value of potatoes taken from defendant by the plaintiff; and $16,000.00 for punitive damages. Plaintiff prosecuted this appeal from the judgment and from the order denying his motion for a new trial.

Plaintiff urges that the evidence was insufficient to support the award of punitive damages. Punitive damages:

"cannot be recovered unless the evidence shows clearly that the action of the wrongdoer is wanton, malicious or gross and outrageous, or where the facts are such as to imply malice and oppression, in which case the law authorizes the court to allow a sum of money as punishment to the wrongdoer for the injury done. * * *

"We think the general rule recognized by the weight of authority is that exemplary or plenary damages may be allowed where the injury complained of is attended by the acts of the wrongdoer which show willful malice, fraud, or gross negligence. The evidence, however, must show the malice and negligence, or facts from which the same may be inferred." Unfried v. Libert, 20 Idaho 708, at 728 and 729, 119 P. 885, 891 (1911).

Zollinger v. Big Lost River Irrigation District, 83 Idaho 411, 364 P.2d 176 (1961); Melton v. Amar, 83 Idaho 99, 358 P.2d 855 (1961); Graves v. Cupic, 75 Idaho 451, 272 P.2d 1020 (1954); Harrington v. Hadden, 69 Idaho 22, 202 P.2d 236 (1949); Klam v. Koppel, 63 Idaho 171, 118 P.2d 729 (1941); Crystal Dome Oil and Gas Co. v. Savic, 51 Idaho 409, 6 P.2d 155 (1931); Gunnell v. Largilliere Co., 46 Idaho 551, 269 P. 412 (1928).

"Exemplary damages are not a favorite of the law, and the power of awarding

them should be exercised with great caution. 15 Am.Jur., Damages, § 268, p. 704; Williams v. Bone, 74 Idaho 185, 259 P.2d 810." Zollinger v. Big Lost River Irrigation District, 83 Idaho 411, 418, 364 P.2d 176, 179 (1961).

■ The evidence in this case does not show, expressly or impliedly, that plaintiff acted maliciously, fraudulently or with gross negligence. At most it can be said only that the parties were antipathetic. The award of punitive damages was error. Such being the state of the record, it was error to submit to the jury the issue of punitive damages. Verheyen v. Dewey, 27 Idaho 1, 146 P. 1116 (1915).

■ This court has upheld a judgment for compensatory damages in cases where a judgment for punitive damages was reversed; e. g. Unfried v. Libert, supra. However, in this case where each party based his claimed right to possession of the potatoes upon title thereto, and there being some evidence tending to support their respective claims, and the jury's verdict, which awarded complete compensatory relief, also allowed punitive damages in an almost equal amount, without the required evidence of malice, oppression, fraud or gross negligence, it is reasonable to conclude that the jury may have been prejudiced against the plaintiff by the court's instructions submitting the issue of punitive damages. Thus, the purity of the verdict for compensatory damages is brought in question. Moreover, the evidence supporting the amount of the award of compensatory damages is not entirely satisfactory. The jury's verdict was: "We fix damages for taking of the potatoes in the sum of $16,500.00." The judgment was: "For damages for the value of the potatoes taken * * * $16,500.00." If the damage was to be limited to the "value" of the potatoes taken, the evidence tends to indicate that the amount would be something less than $16,500.00, perhaps not more than $14,598.50. The amount of the verdict could be sustained on the assumption that the jury may have allowed some amount for consequential damage. However, the total record considered, the jury may have been prejudicially influenced by the submission of the issue of punitive damage in fixing the amount to be awarded as compensatory damage. We therefore conclude that the judgment should be reversed in toto and the cause remanded for a new trial on the issue of defendant's compensatory damages.

■ In reaching the foregoing conclusion we have also considered the following issues; plaintiff contended that he had the right to claim possession of the potatoes based upon the bill of sale giving him title thereto in common with the defendant, or, failing to establish such title, that he had at least a security interest in the potatoes upon which he could base his claim to possession. In support of this contention, plaintiff complains of certain instructions given by the court requiring plaintiff to establish title to the potatoes in order to maintain his action in claim and delivery. On that subject the court's instructions were as follows:

"Instruction No. 1. * * * An action in claim and delivery rests upon title in the person demanding it. The person demanding the claim and delivery is entitled to that relief only if he in fact has title to the property claimed at the time that the claim is made.

"As concerns the plaintiff's claim you must consider whether or not on the date the action was filed the plaintiff did have title in certain potatoes and if so the amount of potatoes he had title in and if so the reasonable value at that date of the potatoes he claims.

\* \* \* \* \* \*

"Instruction No. 2. Claim and delivery is actually a possessory right, that is, one legally entitled to possession is entitled to claim and delivery. In this case, however, both parties rest their claim to the possession of potatoes on title thereto and you will decide right thereto upon who in fact had title."

To sustain an action in claim and delivery plaintiff must show a right to the immediate

possession of the property at the time the action is commenced. National Motor Service Co. v. Walters, 85 Idaho 349, 379 P.2d 643 (1963); Smith v. Cooper, 73 Idaho 99, 245 P.2d 816 (1952); Commercial Credit Co. v. Mizer, 50 Idaho 388, 296 P. 580 (1931); American Fruit Growers, Inc. v. Walmstad, 44 Idaho 786, 260 P. 168 (1927); Cunningham v. Stoner, 10 Idaho 549, 79 P. 228 (1904); I.C. § 8–302. Title alone may or may not give rise to the right of immediate possession. In this case plaintiff contends that the bill of sale gave him at least a security interest in the potatoes and that this interest coupled with the "wrongful" commingling by defendant of the potatoes with others belonging to defendant, gave plaintiff a right to immediate possession of the securing property, and that the court erred in not so instructing the jury. The cases cited by plaintiff are not persuasive, and we have not found satisfactory supporting authority for his position. Error will not be presumed on appeal, but must be shown affirmatively by the appellant. Weaver v. Sibbett, 87 Idaho 387, 393 P.2d 601 (1964); Clear v. Marvin, 86 Idaho 87, 383 P.2d 346 (1963); Supreme Court Rules, Rule 41.

In his complaint, plaintiff based his right to possession upon claimed title, rather than upon a security interest. Although the court's instructions did not make allowance for a right of possession independent of title, since the plaintiff did not establish prima facia a right to immediate possession independent of title, the instructions were not erroneous.

Our disposition of this appeal renders consideration of other assignments unnecessary.

The judgment for punitive damages is reversed and ordered vacated. The judgment for compensatory damages is reversed and the cause is remanded for a new trial on the issue of the amount of defendant-counterclaimant's damages.

Costs to appellant.

SMITH, C. J., and McFADDEN and SPEAR, JJ., concur.

McQUADE, J., sat at the hearing, but did not participate in the decision.