534 P.2d 1096

Craig COOPER and Donald Wells,
Plaintiffs-Appellants,

v.

BOARD OF ADA COUNTY COMMISSION-
ERS, Defendants-Respondents.

No. 11525.

Supreme Court of Idaho.

May 6, 1975.

Peter J. Boyd & Donald E. Knickrehm,
Elam, Burke, Jeppesen, Evans & Boyd,
Boise, for plaintiffs-appellants.

Kenneth L. Pursley, Eberle, Berlin,
Kading, Turnbow & Gillespie, Boise, for
defendants-respondents.

David H. Leroy, Pros. Atty., Alan K.
Hull, Deputy Pros. Atty., Ada County,
Boise, for intervenors-respondents.

SHEPARD, Justice.

This is an appeal from a decision of the
district court which in turn upon appeal

had affirmed a decision of the county commissioners of Ada County denying an application for a conditional use permit. The permit was sought to authorize the construction of a mobile home park in Ada County.

In early 1972 appellants Cooper and Wells, as partners, acquired a 34–acre tract of land located in Ada County near the intersection of Hill and Collister Roads on the outskirts of Boise. The land was located within a zone designated "R–2" under the provisions of the applicable Zoning Ordinance.[1] Appellants sought to construct a 200 unit mobile home park known as Singing Hills on that site. Under the provisions of the zoning ordinance, a mobile home park is not a principal permitted use in an R–2 zone, but is enumerated as a conditional use under the provisions of § 7.4 of the Zoning Ordinance.[2]

Appellants applied for such conditional use permit in the spring of 1972, which application was denied by the Ada County Planning and Zoning Commission. That denial was affirmed by the Ada County Commissioners, and appellants thereafter took an appeal to the district court. The

district court held that the denial of appellants' application was predicated upon unconstitutional criteria and hence that the Planning and Zoning Commission and the Board of County Commissioners had acted arbitrarily and capriciously in their denial of the application. The district court reversed the denial of the application and remanded the matter for reconsideration.

Upon remand from the district court, the Planning and Zoning Commission again denied the application, basing that denial upon the application's failure to satisfy Section 24.2591 of the Zoning Ordinance which requires that a trailer court or mobile home court must, if located in an R–2 Zone, "front (or have direct access to), a State, Primary or Secondary Highway or *County Major Arterial* as designated in the Ada County Major Thoroughfare Plan" (hereinafter referred to as the "arterial access requirement"). That decision of the Planning and Zoning Commission was affirmed by the county commissioners of Ada County, and the appellants took a second appeal therefrom to the district court. The district court found that the proposed development did not front upon or have direct access to a state primary or secondary

1. The Ada County Zoning Ordinance provides:

"CHAPTER 7.0 URBAN RESIDENTIAL ZONE (R–2)

"7.1 *Purpose.*

"7.11 The purpose of this zone is to provide and protect residential lands properly located for families who desire to live in a family of single family dwellings. This zone is designed for residential areas where lot sizes vary, thus a limited number of animals and livestock are permitted on properties of one-half acre or larger in accordance with standards designed to protect the health and well-being of residents on adjacent properties.

"Because of the smaller lot sizes permitted, it is desirable that this zone be confined to those areas that can be served by central water, and which are now or will in the future reach densities of development which can be served by central sewers.

"7.2 *Principal Permitted Uses.*

"7.21 Dwellings, single family and duplexes.

"7.22 Public utility facilities, such as power, gas and telephone lines and electric

substations, or public or private sewer and water lines and similar uses.

"7.23 *Signs.* Non-accessory off-premise signs as defined in Section 20.33 but limited to such uses as are in accordance with the provisions contained in Subsections 20.231, 20.233, 20.234, 20.235, 20.236 and 20.237— Section 20.23 and in Section 20.603.

"7.24 Use of land for agricultural purposes.

"7.25 The use of land for the raising of domestic livestock as herein defined on property of one-half acre and over, including poultry, rabbits, cats, dogs or chinchillas subject to the provisions of Chapter 22.0 of this Ordinance."

2. "7.4 Conditional uses.

"7.401. The following uses may be permitted in accordance with the standards and provisions of Chapter 24.0 of this Ordinance, when after a public hearing the Commission has found that such uses will not be in conflict with the Comprehensive Plan and has approved such uses.

* * *

"7.417 Trailer courts (Mobile Home Courts) or Travel Trailer Parking Areas."

highway or a county major arterial, found that the arterial access requirement was valid, and found that the Planning and Zoning Commission and the county commissioners had not acted arbitrarily or capriciously in refusing to issue the permit. The decision denying appellants' application was affirmed. This appeal results.

It is clear that appellants' proposed development would not front upon or have direct access to a state primary or secondary highway and that it would not front upon or have direct access to a county major arterial. The project and the application therefor thus fail to satisfy the condition imposed by the Ordinance for construction of a mobile home park in an R–2 zone. The only substantial question on this appeal is the validity of the Ordinance's requirement of access to a county major arterial. Appellants contend that this requirement is arbitrary and lacks substantial relation to a legitimate legislative purpose and therefore violates appellants' federal and state constitutional rights to due process and equal protection of the law.

■ Although respondents argue otherwise, we hold that these issues were raised in the lower court and may thus be argued upon appeal. The pretrial order in the lower court identifies the validity of the Ordinance as a proper exercise of the police power as an issue to be tried in the lower court, and the findings of the district court set forth that appellants (applicants below) had failed to demonstrate that the Ordinance was applied unconstitutionally.

Appellants assert two constitutional bases for the invalidity of the Ordinance. First, appellants assert invalidity in that mobile home courts must satisfy the arterial access requirement while conventional housing developments are free from such a requirement. They secondly assert that their development would have direct access to a modified arterial and argue that an unconstitutionally arbitrary distinction has

been drawn between a major arterial as contrasted with a modified arterial.

■ In Cole-Collister Fire Protection District v. City of Boise, 93 Idaho 558, 468 P.2d 290 (1970), this court invalidated an ordinance as applied to certain property which had been zoned as a limited office district but which was surrounded by commercial establishments. Therein the right of a local legislative body to enact zoning ordinances was reaffirmed, but such ordinance was required to have a reasonable connection to a goal legitimately related to the police power. Appellants place heavy reliance upon *Cole-Collister*. There is however a critical difference between *Cole-Collister* and the instant case. In *Cole-Collister* the lower court determined that the ordinance in question was invalid; in the instant case the lower court found the ordinance to be valid. In *Cole-Collister* the court pointed out that the "burden of proof" (that the ordinance is invalid), in the sense that this term refers to the "risk of nonpersuasion of the trier of facts," remains upon the party asserting the invalidity. The ultimate burden of persuasion rests upon the litigant who attacks the validity of the ordinance. Cole-Collister Fire Protection District v. City of Boise, *supra;* Hendricks v. City of Nampa, 93 Idaho 95, 456 P.2d 262 (1969). The district court in the instant case found that appellants Cooper and Wells had "failed to carry their burden of proof." On appeal appellants have not shown that determination to be erroneous. Morrison v. Quality Produce, Inc., 92 Idaho 448, 444 P.2d 409 (1968).

■ Most of the appellants' evidence relating to the arterial access requirement was directed at the day-to-day automobile traffic that would be generated by the proposed project. At least one of appellants' witnesses, after criticizing the arterial access requirement, refused to state conclusively that it was unreasonable. On the other hand, testimony adduced by the respondent indicated that the access require-

ment of the ordinance was reasonable when viewed in the generation of day-to-day automobile traffic by developments such as that of appellants.

Perhaps the chief argument for the arterial access requirement is contained in Residential Policy Fifteen of the Ada County Comprehensive Plan. Ada County Zoning Ordinance Section 1.1 requires that the zoning ordinance be administered in conformance with that Ada County Comprehensive Plan. The Comprehensive Plan states:

> "Because of the heavy equipment required to move the large mobile home, and because they are subject to and capable of being moved periodically, and because they should not be moved through adjacent residential neighborhoods, locations for mobile home parks should be functionally convenient to a major arterial."

Although appellant Cooper stated that "very few" of the mobile homes would be moved once they had been placed in the proposed park, nevertheless by their very nature, mobile homes are more susceptible of subsequent displacement and movement than the conventional dwelling. On the basis of the record, we cannot hold that the requirement of arterial access is unreasonable or arbitrary.

 Likewise, appellants have failed to demonstrate that the distinction between major and modified arterials is arbitrary or unreasonable in the constitutional sense. A major arterial contains substantially greater right-of-way and paved roadway widths than does a modified arterial. A further basic difference is that a major arterial is of sufficient width to accommodate turning lanes at intersections. Testimony adduced by the respondent is clear that a major arterial would more expeditiously handle both the type and the volume of traffic which would be generated by a development such as that of appellants. Although witnesses for the appellants testified that the "function" of the two types of arterials were similar and

that the existing road network "could handle" the traffic generated by appellants' development, although the residents would be thereby inconvenienced, we hold that insufficient evidence was adduced at trial to show the invalidity of the major/modified arterial distinction. Such conflicting evidence is an inadequate basis upon which to reverse the findings of fact of the district court.

Essentially herein we are asked to review and reverse legislative judgments. Those judgments should not be overturned by this court unless it can be shown that the ordinance bears no rational relationship to a permissible state objective. Village of Belle Terre v. Boraas, 416 U.S. 1, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974). The district court held that appellants had not shown the ordinance to be invalid. We agree, and accordingly the judgment of the district court is affirmed. Costs to respondents.

McQUADE, C. J., McFADDEN, and DONALDSON, JJ., and SCOGGIN, D. J. (Retired), concur.