539 P.2d 275

**Murray ESTES, Plaintiff-Appellant,**

v.

**The CITY OF MOSCOW, Municipal Corporation of the State of Idaho, et al.,
Defendants-Respondents.**

No. 11716.

Supreme Court of Idaho.

Aug. 7, 1975.

John W. Walker of Bielenberg, Anderson & Walker, Moscow, for plaintiff-appellant.

Cope R. Gale, Moscow, for defendants-respondents.

McFADDEN, Justice.

Plaintiff-appellant Murray Estes (hereinafter Estes or plaintiff) instituted this action against the City of Moscow, the mayor, members of its council, and the city attorney (the defendants-respondents, hereinafter referred to as the City), seeking to enjoin the city from enforcing provisions of a comprehensive zoning ordinance approved by the city council in July 1971.[1] At trial before the court, following the close of the plaintiff's case, the city moved for involuntary dismissal on the ground that plaintiff had shown no right to relief. The motion was granted, and the trial court entered findings of fact, conclusions of law and judgment dismissing the action.

Estes owned two parcels of property in Moscow. Parcel A is a plot of about 22 to 25 acres platted as the "East Third Street Addition". Initially a portion of Parcel A was within the city limits with the balance outside. Prior to 1969, a small portion of Parcel A within the city limits was zoned "R-3" (multiple family dwelling) and the remainder of the property within the city was zoned "R-1" (single family dwelling).

Parcel B, the other tract of land owned by Estes and involved in this action, was located on the southeast corner of Third Street and Jefferson Street. This property had been zoned as commercial property for a number of years.

---

1. The action was instituted prior to the date the ordinances went into effect, but the case was tried after it became effective. At trial plaintiff admitted he raised no issue as to the lawfulness of procedures used in passage and publication of the ordinance.

Shortly after Estes purchased Parcel A, he contacted the Planning and Zoning Commission of the City of Moscow concerning development of this land for "high rise and high density apartment structures". Estes had a plat prepared for the purpose of having that portion of Parcel A outside the city limits annexed to the city. Estes also sought to have all of Parcel A zoned "R–3" (multiple family dwelling), which would allow structures 60 feet in height. After discussions the Planning and Zoning Commission recommended the annexation and zoning sought, and it was approved by the City Council on January 20, 1969.

The plat, as finally approved, incorporated certain changes recommended by the city including extra width paved streets, realignment of certain streets, and larger water and sewage lines. These changes were acceptable to Estes.

Subsequently Estes constructed two single dwelling units and four fourplexes on portions of Parcel A.

In July of 1971, the City Council approved a new comprehensive zoning ordinance. Under the provisions of this ordinance two classifications were established for multiple family residential property, "RM–1" (low density multiple family residential) and "RM–2" (high density multiple family residential). The effect of this ordinance was to change the classification of plaintiff's property. Parcel A was zoned as "RM–1", and Parcel B was zoned "RM–2". As concerns Parcel B, which had initially been zoned "commercial", after adoption of the rezoning ordinance in 1971, but before its effective date Estes constructed a nine unit apartment house on this property, and at the time of trial, he had sold this property under a long term contract.

On this appeal plaintiff has set out fifteen assignments of error. In his argument he consolidates these into three main issues, (a) whether the trial court erred in holding that this case was not ready for judicial review by reason of his failure to exhaust his administrative remedies, (b) whether the trial court erred in failing to hold that the city was estopped from changing the zoning classification since plaintiff materially changed the property in reliance on the previous zoning classification, and, (c) whether the trial court erred in not finding the new zoning ordinance was arbitrary, capricious and confiscatory, since the city failed to show any reasons requiring such change.

As to the first issue, the record fails to disclose any attempt by plaintiff to obtain building permits for his proposed improvements by way of a "high rise apartment structure" on Parcel A prior to the enactment of the zoning ordinance in July of 1971. The record further reflects that subsequent to that time no application was made by him for a variance. Even if this court should determine that the trial court erred in its holding that plaintiff had failed to exhaust his administrative remedies, he would not necessarily prevail, for if the ordinance is not infirm for constitutional or other reasons, and if the city would not be estopped to assert the ordinance, his position would be no different. It is thus our conclusion that whether the plaintiff in this case has or has not exercised his administrative remedies is immaterial to this opinion for the reason that the primary issue for resolution by the trial court was whether plaintiff had established the invalidity of the ordinance.

A zoning ordinance is presumptively valid and the burden of establishing its invalidity is on the person attacking it. *Cole-Collister Fire Protection Dist. v. City of Boise,* 93 Idaho 558, 468 P.2d 290 (1970). In *Cooper v. Board of Ada County Comm'rs,* 96 Idaho 656, 534 P.2d 1096 (1975), we elaborated on this burden:

"In *Cole-Collister,* the court pointed out that the 'burden of proof' (that the ordinance is invalid), in the sense that this term refers to the 'risk of nonpersuasion of the trier of facts,' remains upon the party asserting the invalidity. The ultimate burden of persuasion rests upon the

litigant who attacks the validity of the ordinance." 96 Idaho 656, 534 P.2d 1098.

In the present case the district court found "that the plaintiff failed to show or prove that the ordinance passed by the City Council of the City of Moscow was arbitrary, capricious, discriminatory or confiscatory to the plaintiff." Plaintiff's claim that this was error finds no support in the record. Until such time as the person attacking the ordinance has first established its invalidity, there is no duty on the part of the City to come forward with facts to establish the ordinance's validity.

Nor do we find merit in plaintiff's claim that the City should be estopped from changing the zoning classification of the plaintiff's property. The record herein does not disclose any substantial change in position by the plaintiff sufficient to require consideration of the doctrine of estoppel. *Cf. Harrell v. City of Lewiston*, 95 Idaho 243, 506 P.2d 470 (1973).

The judgment of the trial court is affirmed. Costs to respondent.

McQUADE, C. J., and DONALDSON, SHEPARD and BAKES, JJ., concur.